1  **MARCOS CAMACHO, A LAW CORPORATION**
   **MARCOS R. CAMACHO ESQ., SBN-123501**
2  **mcamacho@mclawmail.com**
   **MARIO G. MARTIEZ, ESQ. SBN-200721**
3  **mariomtz@mclawmail.com**
   **1227 California Ave.**
4  **BAKERSFIELD, CA 93304**
   **(661) 324 - 8100; FAX (661) 324 - 8103**
5
   **KINGSLEY & KINGSLEY, APC**
6  **ERIC B. KINGSLEY, ESQ. SBN-185123**
   **eric@kingsleykingsley.com**
7  **LIANE KATZENSTEIN LY, ESQ. SBN-259230**
   **liane@kingsleykingsley.com**
8  **16133 Ventura Blvd., Suite 1200**
   **Encino, CA 91436**
9  **(818) 990-8300, Fax (818) 990-2903**

10 **Attorneys for Plaintiffs**

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

13

14

15 Rafael Marquez Amaro, Jesus Alarcon      CASE NO.
   Urzua, on behalf of themselves and
16 others similarly situated,                **CLASS ACTION COMPLAINT**
                                             **FOR:**
17           Plaintiffs,

18      v.                                   1.  Violation of Migrant and Seasonal
                                                 Agricultural Worker Protection Act
19 GERAWAN FARMING, INC., a                  2.  Failure to Pay Minimum Wages
   California Corporation; GERAWAN           3.  Failure to Pay Wages and Overtime
20 FARMING PARTNERS, INC., a                 4.  Failure to Compensate Rest Breaks
   California Corporation; DOES 1 - 10,      5.  Penalties Pursuant to Lab. Code
21 inclusive,                                    § 203
                                             6.  Violation of Business & Professions
22           Defendants.                         Code § 17200

23

24

25

26

27

28

                              1
                    **CLASS ACTION COMPLAINT**

Plaintiffs Rafael Marquez Amaro and Jesus Alarcon Urzua for themselves and all other persons similarly situated ("Plaintiffs"), complain of Defendants GERAWAN FARMING, INC., and GERAWAN FARMING PARTNERS, INC.(hereinafter "GERAWAN" or "Defendants") as follows:

## INTRODUCTION

1.     This is a class action by current and former employees of GERAWAN for recovery of unpaid wages and penalties, unpaid overtime and wages, failure to provide paid rest breaks, restitution, attorneys' fees and costs, and injunctive relief.

2.     Defendants are engaged jointly in the business of growing table grapes and other agricultural commodities, on land located primarily in Fresno, Madera and Tulare Counties, California.

3.     The Named Plaintiffs are seasonal farm workers who have worked in Defendants' table grape fields and/or tree fruit orchards.  On behalf of themselves and the class, Plaintiffs complain that GERAWAN has required its agricultural workers to perform unpaid and/or undercompensated work in violation of federal and state wage and hour laws.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1854. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**CLASS ACTION COMPLAINT**

5.     Venue is proper in this district pursuant to 28 U.S.C. §1891(d) because the actions at issue took place in this district.

## INTRADISTRICT ASSIGNMENT

6.     This case is properly assigned to the Fresno Division of this Court because the action arose in Fresno, California and Defendants' offices are located in Fresno, California.  (See Local Rule 3-120(d).)

## PARTIES

7.     Named plaintiffs Rafael Marquez Amaro and Jesus Alarcon Urzua are residents of Fresno County, California.  Plaintiffs are or were agricultural workers, within the meaning of 29 U.S.C. §1802(10), and are or were employed at GERAWAN, within the meaning of 29 U.S.C. §1802(3), to work in Defendants' agricultural fields in or near Fresno, Madera and Tulare counties in California at various times from four (4) years prior to the filing of this action to the present ("the relevant period").

8.     Plaintiff Rafael Marquez Amaro has worked for Defendants as a field worker since in or around October, 2011.  Each year thereafter during the relevant period, GERAWAN hired him at the beginning of the pruning season, around December, and laid him off at the end of the grape harvest season, around November.  GERAWAN also laid him off and rehired him, from time to time, between the various table grape seasons (e.g., pruning, tying, and harvesting), and between the tree fruit harvest seasons.

3

9.     Plaintiff Jesus Alarcon Urzua has worked for Defendants as a field worker since in or around April, 2012.  During the relevant period, GERAWAN hired him at the beginning of the thinning season, around April, and laid him off at the end of the grape harvest season, around November.  GERAWAN also laid him off and rehired him, from time to time, between the various table grape seasons (e.g., pruning, tying, and harvesting) and during the tree fruit seasons.

10.     Defendant GERAWAN FARMING, INC. is a California Corporation that maintains its executive office in Fresno County, California. Defendant GERAWAN FARMING PARTNERS, INC. is a California Corporation that maintains its executive office in Fresno County, California, at the same address used by Defendant GERAWAN FARMING, INC. Defendants employ field workers and other employees to work in Defendants' agricultural fields in or near Fresno, Madera, and Tulare counties in California.

11.     Plaintiffs are ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but  are informed and believe and thereon allege that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

12.     Plaintiffs are informed and believe and thereon allege that each

4

Defendant acted in all respects pertinent to this action as the agent of the other Defendants, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendants.

## FACTUAL BACKGROUND

13.   Plaintiffs and the Class are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

14.   During the relevant period, GERAWAN has cultivated, harvested, packed, and shipped agricultural commodities including table grapes and tree fruit on agricultural land located in or near Fresno, Madera, and Tulare Counties, California, for fresh market sale.  GERAWAN sells and ships its agricultural produce to various parts of California and other states of the United States.

15.   During the relevant period GERAWAN has employed, as that term is used in 29 U.S.C. §1892(3), thousands of seasonal agricultural workers in its pruning, tying, thinning, harvesting, and field packing and packaging operations.

16.   During the relevant period, many of Defendants' field workers have quit their employment, or been laid off, during or between the various table grape and tree fruit seasons.

17.   During the relevant class period, Named Plaintiffs and the class they

**CLASS ACTION COMPLAINT**

represent have engaged in agricultural employment, as that term is used in 29

U.S.C. §1802(3), on agricultural land owned or operated by Defendants.

18.    During the relevant period, Plaintiffs and the Class they represent have

entered into working arrangements with Defendants.  These arrangements are

formed and entered into each season, at or near the time each of the Named

Plaintiffs and other workers are hired by Defendants.

19.    Under the working arrangements, which are also oral employment

contracts, Defendants offered Plaintiffs and other agricultural workers jobs in their

agricultural operations, and Plaintiffs and other agricultural workers accepted the

job offers.  By words, conduct, practice, or custom and usage, it is understood by

the Defendants and the workers that Defendants will pay the workers an hourly rate

for certain services performed and a piece rate based on production for other

services.  In addition, by words, conduct, practice, or custom and usage, including

but not limited to posting the applicable California IWC Wage Order at the place of

employment, Defendants communicated to employees that they would follow

California's wage order and laws.

20.    Said contracts are and were working arrangements as that term is used

in the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C.

§1932(c).  Said contracts required Defendants to pay Plaintiffs and the Class their

agreed-upon wages for all hours worked or pieces performed.

21.    During the relevant period, Defendants have failed to pay all wages due

6

to Plaintiff and the Class.  Specifically, Defendants have failed to pay their field workers in the table grape operations, and other operations, the proper minimum wages, failed to pay all wages due, and failed to pay overtime compensation when paid in whole or part by piece rate.

22.    During the relevant period, Plaintiffs and the Class worked over ten (10) hours per day, but were not paid overtime for piece rate work at premium rates.

23.    During the relevant period, Plaintiffs and the Class worked over three and ½ hours per day and were not provided paid rest breaks when paid by the piece.

24.    Plaintiffs and the members of the Class were at times paid sub-minimum wage when paid by piece rate.

25.    Plaintiffs and the members of the Class were not paid all wages due when paid by piece rate.

26.    The failure to pay this compensation was knowing and willful and is apparent from reviewing the pay stubs provided by Defendants.

27.    Plaintiffs and the Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 14-2001, California Industrial Welfare Commission in No. 14 (Title 8 Cal. Code of Reg. §§11140).

## CLASS ACTION ALLEGATIONS

28.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P.  Plaintiffs satisfy the requirements of Rule 23(a) and (b)(3) for the

7

prosecution of this action as a class action.  Plaintiffs seek to represent a Class

composed of and defined as follows:

> All persons who are employed or have been employed by
> GERAWAN, and who have worked one or more shifts as
> a non-exempt hourly field worker and paid by piece rate
> in the State of California since four (4) years prior to the
> filing of this action.

29.    Plaintiffs reserve the right to amend or modify the Class description

with greater specificity or further division into subclasses or limitation to particular

issues.

**A.    Numerosity**

30.    The potential members of the Class as defined are so numerous that

joinder of all the members of the Class is impracticable.  While the precise number

of Class Members has not been determined at this time, Plaintiffs are informed and

believe that Defendants, during the relevant period, employed over 10,000

agricultural workers.

31.    Plaintiffs allege that Defendants' employment records would provide

information as to the number and location of all Class Members.  Joinder of all

members of the proposed Class is not practicable.

**B.    Commonality**

32.    There are questions of law and fact common to the Class that

predominate over any questions affecting only individual Class Members.  These

common questions of law and fact include, without limitation:

(a)     Whether Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1801 et seq. ("AWPA") by failing to pay proper wages due to class members for all hours worked.

(b)     Whether Defendants accurately paid minimum wages for all hours worked;

(c)     Whether Defendants accurately paid all wages due for all hours worked;

(d)     Whether Defendants failed to pay overtime compensation for all hours worked;

(e)     Whether Defendants violated Labor Code §226.7, Wage Order 14-2001 or other IWC Wage Orders by failing to provide paid, duty free rest periods for every four (4) hours or major fraction thereof worked  or failing to compensate said employees one (1) hours wages in lieu of rest periods;

(f)     Whether Defendants violated §§201-203 of the Labor Code by failing to pay compensation due and owing at the time that any Class member's employment with Defendants terminated;

(g)     Whether Defendants violated §17200 et seq. of the Business & Professions Code by engaging in the acts previously alleged; and

(h)     Whether Plaintiffs and the members of the Class are entitled to equitable relief pursuant to Business & Professions Code §17200, et. seq.

9

**C.**   **Typicality**

33.    The claims of the Named Plaintiffs are typical of the claims of the

Class.

34.    Plaintiffs are members of the Class.  Plaintiffs are currently, or were

formerly employed by Defendants and were subjected to the same unlawful

practices as other field workers. Plaintiffs and other members of the Class suffered

the same injuries and seek the same relief

**D.**   **Adequacy of Representation**

35.    Plaintiffs will fairly and adequately represent and protect the interests

of the members of the Class.  Counsel for Plaintiffs are competent and experienced

in litigating large employment class actions.

**E.**   **Predominance and Superiority of Class Action**

36.    A class action is superior to other available means for the fair and

efficient adjudication of this controversy.  Individual joinder of all Class Members

is not practicable, and questions of law and fact common to the Class predominate

over any questions affecting only individual members of the Class.

37.    Class action treatment will allow those similarly situated persons to

litigate their claims in the manner that is most efficient and economical for the

parties and the judicial system. Plaintiffs are unaware of any difficulties that are

likely to be encountered in the management of this action that would preclude its

maintenance as a class action.

38.   Class action treatment will allow a large number of similarly situated agricultural employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief. Moreover, Plaintiffs are seasonal agricultural workers who are unlikely to be able to bring individual actions to recover their claims.  A class action will serve an important public interest by permitting employees harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

## FIRST CAUSE OF ACTION

## VIOLATION OF MIGRANT AND SEASONAL

## AGRICULTURAL WORKERPROTECTION ACT

39.   Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

40.   Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act by:

(a)   failing to pay wages when due to Plaintiffs and the Class, as required by 29 U.S.C. §1832(a);

11

**CLASS ACTION COMPLAINT**

(b)      failing to post a notice setting forth the rights and protections provided by the Act, as required by 29 U.S.C. §1831(b); and

(c)      violating the terms of the working arrangements made with Plaintiffs and the Class, in violation of 29 U.S.C. §1832(c).

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIMEAND ALL WAGES DUE PURSUANT TO

## THE CALIFORNIA LABOR CODE

41.   Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

42.   By their policy of requiring non-exempt employees to work in excess of ten (10) hours in a workday and/or sixty (60) hours in a workweek without compensating such employee at a rate of (1 1/2) their regular rate as alleged, Defendants have violated the California Labor Code.

43.   Labor Code §1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code §1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

44.   As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of wages and overtime in amounts to be determined at trial, and

**CLASS ACTION COMPLAINT**

are entitled to recovery of such amounts, plus interest and penalties, attorneys' fees, and costs, pursuant to Labor Code § 1194.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

45.    Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

46.    Labor Code § 1194 requires an employer to pay the unpaid balance of any minimum wage that was not paid to an employee. Employees are entitled to minimum wages for each hour of work.

47.    Defendants failed to provide Plaintiffs and the Class with minimum wage compensation by failing to pay them properly for all hours worked.  This happened when Plaintiffs earned a total compensation of less than $8.00 an hour for each and every hour worked in a specific day when they were paid in whole or part by piece.

48.    Pursuant to the California Labor Code, Plaintiffs are entitled to recover all wages due for all hours that were not compensated at the minimum wage rate, in a sum to be proven at trial, plus liquidated damages in the same amount.

49.    Pursuant to California Labor Code § 1194.2, Plaintiffs request that the court award interest, reasonable attorney's fees, and costs incurred in this action.

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

## FAILURE TO COMPENSATE FOR REST BREAKS PURSUANT TO

## LABOR CODE §226.7 AND WAGE ORDER 14-2001

50.    Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

51.    Labor Code §226.7 and IWC Wage Order 14-2001 require an employer to provide paid rest periods or to pay an additional hour (1) of compensation for each paid rest period the employer fails to provide.  Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof.

52.    Plaintiffs and the Class consistently worked over 3 ½ hours without being provided with paid rest breaks while working on a piece rate basis during the relevant period.

53.    Pursuant to Labor Code §226.7, Plaintiffs are entitled to damages in an amount equal to one (1) hour of wages per missed paid rest break in a sum to be proven at trial.

## FIFTH CAUSE OF ACTION

## PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 203

54.    Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein

55.    California Labor Code Section 203 provides, in relevant part:

14

If an employer willfully fails to pay, without abatement or

reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any

wages of an employee who is discharged or who quits, the wages of the

employee shall continue as a penalty from the due date thereof at the

same rate until paid or until an action therefore is commenced; but the

wages shall not continue for more than 30 days.

56.   By willfully failing to pay wages due to Plaintiffs and the Class each

time they were discharged, laid off, or quit, in accordance with California Labor

Code §§201, 202, and 205.5, Defendants have violated California Labor Code

§203.  The wages of Plaintiffs and the Class should thus continue as a penalty for

an additional 30 days.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE BUSINESS & PROFESSIONS CODE § 17200

57.   Plaintiffs incorporate each and every allegation set forth in all of the

foregoing paragraphs as if fully set forth herein

58.   California Business and Professions Code Section 17200 et seq.

provides, in relevant part, that "unfair competition shall mean and include any

unlawful, unfair, or fraudulent business act or practice..."

59.   Plaintiffs bring this action on behalf of themselves and on behalf of the

Class described above, and on behalf of the general public pursuant to § 17204 of

the California Business & Professions Code.

15

**CLASS ACTION COMPLAINT**

60.   In California, there is a fundamental and substantial public policy protecting an employee's wages.

61.   The following practices of Defendants are unlawful, and unfair business practices under California Business & Professions Code § 17200 et seq.:

(a)   underpaying workers, including Plaintiffs, in violation of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1832(c); California Labor Code §§ 200, 205.5, 221, 223, 1194, 1197; the California Code of Regulations Tit. 8, § 11140, IWC Wage Order 14; and fundamental public policy of the State of California;

(b)   failing to provide paid rest periods to workers, including Plaintiffs;

(c)   retaining the benefit of the labor performed by workers, including Plaintiffs, without reasonable compensation;

(d)   failing to promptly pay all wages due to workers, including Plaintiffs, when they were discharged, laid off or quit, in violation of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1832(c); and California Labor Code  §§ 201, 202 and 205.5; and

(e)   paying workers, including Plaintiffs, less than the minimum wage, in violation of AWPA, 29 U.S.C. § 1832(c); California Labor Code  §1197 and IWC Wage Order 14;

62.   The unlawful, and unfair acts described herein present a continuing

16

**CLASS ACTION COMPLAINT**

threat to the general public which cannot be adequately remedied at law.  Plaintiffs are informed and believe that such conduct will continue unless enjoined by this Court pursuant to § 17203 of the Business and Professions Code.

63.    The limitations period under the Business and Professions Code § 17208, is four years.  Accordingly, Plaintiffs seek relief for the period going back four years prior to the filing of this Complaint and continuing into the present until judgment is entered.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

1.    Damages in an amount equal to all unpaid minimum wages, unpaid wages, and overtime wages owed to Plaintiffs and the Class for three years prior to the filing of this Complaint;

2.    Restitution of Plaintiffs' and the Class's unpaid wages and overtime under Business & Professions Code  § 17200 et seq., for four years prior to the filing of this Complaint;

3.    Liquidated damages pursuant to California Labor Code §1194 for three years prior to the filing of this Complaint;

4.    Monetary damages to Plaintiffs and the Class, pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1854(c), in an amount equal to their actual damages or their statutory damages of up to $500.00

**CLASS ACTION COMPLAINT**

per Class Member per violation, whichever is greater;

5.    An award of statutory waiting-time penalties equal to 30-days' wages, pursuant to California Labor Code § 203, to Plaintiffs and the Class, each time such Class Member was discharged, quit, or laid off, including but not limited to each time each employee was discharged because of an end-of-season layoff, in accordance with California Labor Code Sections 201, 202 and 205.5 for three years prior to the filing of the Complaint;

6.    Monetary damages pursuant to paragraph 18 of California Code of Regulations Tit. 8, Section 11140, IWC Wage Order 14;

7.    A declaration that Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq.;

8.    Injunctive relief, including an order enjoining Defendants from continuing ongoing violations of the Migrant and Seasonal Agricultural Worker Protection Act, and other injunctive relief as provided under California Business & Professions Code  §17200 et seq.;

9.    Reasonable attorneys' fees and costs incurred by Plaintiffs on behalf of themselves and the Class in the prosecution of this action pursuant to applicable law, including without limitation, California Labor Code Section 218.5, 226, and 1194 and California Code of Civil Procedure Section 1021.5;

10.    Pre- and post-judgment interest at the maximum legal rate of interest for each item of damages listed above; and

CLASS ACTION COMPLAINT

11.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury.


DATED: February 3, 2014                    KINGSLEY & KINGSLEY, APC


                                           By: /s/ ERIC B. KINGSLEY_____
                                               ERIC B. KINGSLEY
                                               ATTORNEY FOR PLAINTIFFS

**CLASS ACTION COMPLAINT**