1 | Ronald H. Barsamian, #81531
  | Patrick S. Moody, #156928
2 | Stacy R. Lucas, #243555
  | BARSAMIAN & MOODY
3 | A Professional Corporation
  | 1141 W. Shaw Avenue, Suite 104
4 | Fresno, California 93711
  | Tele: 559/248-2360
5 | Fax: 559/248-2370

6 | IRELL & MANELLA LLP
  | David A. Schwarz (159376)
7 | 1800 Avenue of the Stars, Suite 900
  | Los Angeles, California 90067-4276
8 | Telephone:   (310) 277-1010
  | Facsimile:   (310) 203-7199
9 | E-Mail: DSchwarz@irell.com

10 | Attorneys for Defendants

11 | **UNITED STATES DISTRICT COURT**

12 | **EASTERN DISTRICT OF CALIFORNIA**

13 |

| | | |
|---|---|---|
| Rafael Marquez Amaro, Jesus Alarcon Urzua, on behalf of themselves and others similarly situated, | ) ) ) | Case No. 1:14-CV-00147-AWI-SAB |
| | ) ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Gerawan Farming, Inc., a California Corporation; Gerawan Farming Partners, Inc, a California Corporation; and DOES 1-10, inclusive, | ) ) ) ) ) | **(Fed. R. Civ. P. 12(b)(6))** |
| | ) ) ) | Date:  April 7, 2014 Time: 1:30 p.m. Ctrm.: 2 |
| Defendants. | ) ) ) | |

1    Defendants, Gerawan Farming, Inc. and Gerawan Farming Partners, Inc.
2    ("Gerawan") submit the following points and authorities in support of their Motion for an
3    Order dismissing Plaintiffs' First, Second, Third, Fourth, Fifth and/or Sixth causes of
4    action, singularly or in combination, pursuant to Federal Rule of Civil Procedure 12(b)(6),
5    on the grounds that such causes of action, and all of them, fail to state claims upon which
6    relief may be granted.

7                                    **INTRODUCTION**

8         Plaintiffs Amaro and Urzua, on behalf of themselves and the putative class, have
9    brought an assortment of wage and hour claims against Gerawan.  Plaintiffs bear the
10   burden of pleading "enough facts to state a plausible claim." *Bell Atlantic Corp. v.*
11   *Twombly*, 550 U.S. 544, 570 (2007).  Because Plaintiffs have pled no facts relating
12   specifically to their employment with Gerawan or explaining the nature of the alleged
13   harms, Plaintiffs have failed to meet that burden.

14        The two named Plaintiffs do not allege any basic facts regarding their identity, the
15   nature of their work with Gerawan, or the nature of the alleged wrongs.  Their factual
16   allegations begin and end with the statement that they worked intermittently for Gerawan,
17   one of them from October 2011 and the other from April 2012.  Such bare bones
18   allegations devoid of any context cannot sustain a complaint. *Bellinghausen v. Tractor*
19   *Supply Co.*, 2013 WL 5090869 at *3 (N.D. Cal. Sept. 13, 2013) (dismissing a complaint
20   where Plaintiff failed to plead "the most basic information concerning Plaintiff's
21   employment, such as the nature of Plaintiff's job with Defendant.").

22        Similarly, Plaintiffs do not allege any basic facts regarding the identity or
23   composition of the putative class, the nature of the work performed, or the basis for the
24   claimed wrongdoing.  The class is ambiguously defined throughout their complaint.  While
25   it is first defined as "[a]ll persons who are employed or have been employed by [Gerawan],
26   and who have worked one or more shifts as a non-exempt hourly field worker and paid by
27   piece rate . . ." Compl. at ¶ 28, the allegations supporting the class simply refer to the "over
28   10,000 agricultural workers" employed by Gerawan without any clarification as to what, if

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

1   any, subset of that group is represented herein. Compl. at ¶ 30.   Similarly, the named

2   Plaintiffs claim to be typical of the class because they "currently, or were formerly

3   employed by Defendants and were subjected to the same unlawful practices as other field

4   workers." Compl. at ¶ 34.  Again, because Plaintiffs have pled no facts as to the nature of

5   their work with Gerawan, it is impossible to know what group of field workers Plaintiffs

6   purport to represent.

7          At its base, the complaint is nothing more than a rote recitation of legal conclusions

8   stripped of any grounding in fact.  Plaintiffs have pled no basic identifying facts, about

9   themselves or the class.   Plaintiffs baldly assert that wage and hour laws have been

10  violated without clarifying how, when, how often, or to whom these supposed wrongs

11  occurred.  Because Plaintiffs have not pled any facts that can give rise to a plausible claim,

12  the complaint should be dismissed.

13                                    **ARGUMENT**

14      **A.    Pleading Standard Required to Survive Motion**

15         Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure

16  to state a claim upon which relief can be granted.  In *Bell Atlantic Corp. v. Twombly*, 550

17  U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme

18  Court analyzed the depth of factual pleading necessary to survive a Rule 12(b)(6) motion:

19              [A] plaintiff's obligation to provide the "grounds" of his
               "entitle[ment] to relief" requires more than labels and
20             conclusions, and a formulaic recitation of the elements of a
               cause of action will not do.  Factual allegations must be enough
21             to raise a right to relief above the speculative level . . . .

22  *Twombly*, 550 U.S. at 555–56 (citations omitted).  To survive a motion to dismiss, a

23  complaint must allege "enough facts to state a claim that is plausible on its face." *Id.* at

24  570.

25         The Court followed up its *Twombly* decision two years later in *Iqbal*, where it held

26  that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

27  accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).  The *Iqbal* court went on to state

28  that:

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citations omitted).  The Ninth Circuit has also held that the court "need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss." *Doe v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 683 (9th Cir. 2009) ("*Wal-Mart*").  It is also beyond doubt that *Twombly* and *Iqbal* apply to a complaint for violations of the California Labor and Business and Professions Codes, as alleged here. *Iqbal,* 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions,' and it applies to antitrust and discrimination suits alike." (citation omitted)); *Villegas v. J.P. Morgan Chase & Co.,* 2009 WL 605833, at *3 (N.D. Cal. Mar. 9, 2009) ("The *Twombly* standard . . . is of general application and is as easily applied to wage and hour litigation as antitrust.").

## B.    The Complaint Fails To Meet The "Facial Plausibility" Standard

The complaint comprises entirely of labels and legal conclusions, combined with a formulation recitation of the statutory elements of the causes of action.  It provides no basic identifying information or factual allegations other than "naked assertion[s]" of Defendants' liability, "devoid of further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 557).  This falls short of the requisite particularity required under the "facial plausibility" standard, because it lacks the necessary "factual content" to allow a Court to make a reasonable inference that the Defendants may be liable for the claims alleged by Plaintiffs. *Weigele v. FedEx Ground Package System, Inc.,* 2010 WL 4723673 at *5 (S.D. Cal. Nov. 15, 2010); *DeLeon v. Time Warner Cable LLC,* 2009 U.S. Dist. LEXIS 74345, at *6–*8 (C.D. Cal. July 17, 2009).

The Complaint makes a few sparse references to the identity of the Plaintiffs that do not constitute factual allegations, let alone sufficient factual allegations. First, it explains that "Plaintiffs and the Class are, and at all times pertinent hereto, have been non-exempt

employees within the meaning of the California Labor Code."   Compl. at ¶ 13.  And then, it adds that "Named Plaintiffs and the class they represent have engaged in agricultural employment, as that term is used in 29 U.S.C. §1802(3)."   *Id.* ¶ 17.  These are legal conclusions — as is obvious from their citation of the legal standard they recite.  Plaintiffs do not explain what they or the putative class did while employed with Gerawan; this "unwarranted conclusion" need not be accepted for purposes of ruling on a motion to discuss.  *Wal–Mart*, 572 F.3d at 683.  Removing these legal conclusions from the picture leaves a blank canvas where factual allegations should be.

Plaintiffs substitute any factual allegations as to the nature of the alleged wrongs with more legal conclusions.  For instance, Plaintiffs merely recite that "Defendants have failed to pay all wages due to Plaintiff and the Class." Compl. at ¶ 21.  Their attempt to clarify this bare bones allegation reveals the deficiency of the Complaint: "Specifically, Defendants have failed to pay their field workers in the table grape operations, and other operations, the proper minimum wages, failed to pay all wages due, and failed to pay overtime compensation when paid in whole or part by piece rate."  *Id.*  Rather than being more specific, that allegation raises only more questions: What "other operations" are the named Plaintiffs referring to, and are they represented in the putative class?  Are the wages that were allegedly unpaid something distinct from the minimum wage and overtime claims?  When, or how often, and for whom, did these wages go unpaid?  Plaintiffs legal conclusions are so deficient that they fail to "put the defendant on notice as to the nature of the claim," in addition to fundamentally failing to establish the plausibility of their claim.  *Twombly*, 550 U.S. at 574.

When faced with substantively identical (and non-specific) allegations in wage and hour cases, the courts have not hesitated to find that such boilerplate assertions should be assigned "no weight" under *Twombly*.  *See, e.g.*, *Weigele*, 2010 WL 4723673 at *5; *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at * 3 (S.D. Cal. Aug. 18, 2009).  As in these cases, the allegations here are "paradigmatic examples of '[t]hreadbare recitals of the

1  elements of a cause of action, supported by mere conclusory statements . . .'" *Weigele*, at
2  *4 (quoting *Iqbal*, 556 U.S. at 678).

3       Based on this total absence of even the most basic factual allegations, the Complaint
4  should be dismissed for failing to state a claim.  Turning to the specific allegations of each
5  cause of action only confirms that this is a Complaint built entirely on legal conclusions.

6       **1. First Cause of Action**

7       Plaintiffs' first cause of action purports to state a claim for violation of the Migrant
8  and Seasonal Agricultural Worker Protection Act, but alleges no facts and contains only
9  legal conclusions.   That cause of action merely states that "Defendants intentionally
10 violated the Migrant and Seasonal Worker Protection Act by: (a) failing to pay wages
11 when due to Plaintiffs and the Class"; "failing to post a notice setting forth the rights and
12 protections provided by the Act . . .; and violating the terms of the working arrangements
13 made with Plaintiffs and the Class . . . ."  Compl. at ¶ 40.  This is exactly the type of
14 pleading that *Twombly* and *Iqbal* describe as a mere recitation of the elements of a cause of
15 action, insufficient to survive a motion to dismiss.

16      Plaintiffs also allege in this cause of action that Defendants supposedly violated
17 "working arrangements made with Plaintiffs and the Class," in part by posting "the
18 applicable California IWC Wage Order at the place of employment . . . ." *See* Compl. at
19 ¶¶ 18–20, 40(c).  This is, again, nothing more than a legal conclusion improperly pled as a
20 fact.

21      Under California law, employers are required to display numerous posters in the
22 place of employment.   The Wage Order 14-2001 poster is an official notice of the
23 Industrial Welfare Commission and it contains no reference to Defendants or their
24 employees.  The poster does not have any specific language targeted to the employees and
25 does not constitute an agreement between Defendants and Plaintiffs. The poster ends by
26 directing persons who have questions about its terms to contact the DLSE offices listed in
27 the Order, not the employer.  It is no different than if a volume of the California Labor
28 Code were made available to Defendants' employees.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

1    As set forth in *Twombly* and *Iqbal*, Plaintiffs are required to plead facts sufficient to

2    demonstrate a facially plausible claim.  Here, Plaintiffs have not done so.

3    Further, this purported cause of action incorporates formulaic references to an

4    alleged failure to pay "all wages due," Compl. at ¶¶ 21, 25, and merely repeats this

5    conclusion with a vague reference to Defendants allegedly "failing to pay wages when

6    due," Compl. at ¶ 40(a).  The allegations, however, are devoid of any description of what

7    wages are allegedly due, or when they were due.  Again, this is nothing more than "an

8    unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.

9    This exact sort of allegation, relating to a failure to pay wages due, was recently found

10   deficient in *Ramirez v. Manpower, Inc.*, 2014 WL 116531, at *4 (N.D. Cal. Jan. 13, 2014),

11   where the court explained that: "[w]ith nothing more than an unadorned allegation citing

12   the California Labor Code and IWC Wage Order Defendants' are accused of violating, the

13   Court is unable to draw the reasonable inference that Defendants are liable for the

14   misconduct alleged."  As in that case, this cause of action is purely conclusory and

15   contains no factual allegations establishing a facially plausible entitlement to relief.

16   Therefore, the court should dismiss this cause of action.

17   **2. Second Cause of Action**

18   Plaintiffs' second cause of action, purportedly for "failure to pay overtime and all

19   wages due" suffers from the same defective pleading as the first cause of action.

20   Paragraph 42 of the Complaint merely states that:  "By their policy of requiring non-

21   exempt employees to work in excess of ten (10) hours in a workday and/or sixty (60) hours

22   in a workweek without compensating such employee at a rate of (1 ½) their regular rate, as

23   alleged, Defendants have violated the California Labor Code."  There are no factual

24   allegations of a policy requiring employees to work overtime without proper

25   compensation.  Though Plaintiffs make occasional bare references to alleged overtime, *see*

26   Compl. at ¶¶ 21–22, there are no factual allegations of when overtime was worked, who

27   worked it, how much overtime was worked, how often this occurred, or any other context

28   at all.  In addition, Plaintiffs incorrectly state that violations can occur when there is a

1  failure to pay overtime for work in excess of sixty (60) hours in a week.  Wage Order 14
2  does not provide for weekly overtime.

3         This court found a virtually identical allegation deficient in *Anderson v. Blockbuster*
4  *Inc.*, 2010 WL 1797249 (E.D. Cal. May 4, 2010).  In *Anderson*, the complaint alleged that
5  "Plaintiff and class members consistently worked in excess of eight hours in a day, in
6  excess of 12 hours in a day and/or in excess of 40 hours in a week," and that "Defendants
7  willfully failed to pay all overtime."  *Id.* at *2.  In granting the defendant's 12(b)(6)
8  motion, the court relied upon *Twombly* and *Iqbal* to find that "Plaintiff's allegations here
9  are 'no more than conclusions, [and] are not entitled to the assumption of truth.'"
10 *Anderson*, 2010 WL 1797249 at *7 (quoting *Iqbal*, 556 U.S. at 664).  Simply reciting
11 California's overtime laws and alleging a violation thereof falls far short of Rule 8's
12 pleading standard.

13        As in *Anderson*, Plaintiffs' allegations contain nothing more than a mere recitation
14 of the elements, and should likewise be dismissed.

15     **3.  Third, Fourth and Fifth Causes of Action**

16        Plaintiff's purported third cause of action (alleged failure to pay minimum wages),
17 fourth cause of action (failure to compensate for allegedly non-provided rest breaks), and
18 fifth cause of action (claimed penalties under California Labor Code section 203), add no
19 new facts to Plaintiffs' bald legal conclusions.  In all three, Plaintiffs recite the
20 requirements of the applicable California code, but once again fail to explain what wages
21 went unpaid or what rest breaks went uncompensated.  Without some basic allegation as to
22 how, when, how often, or to whom these alleged wrongs occurred, Plaintiffs' claims are
23 "nothing more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
24 *Iqbal*, 556 U.S. at 678.  There are no factual allegations at all, and so the causes of action
25 should be dismissed.

26     **4.  Sixth Cause of Action**

27        This cause of action, for purported violation of the California Business and
28 Professions Code § 17200 *et seq.* simply restates all of the allegations contained in the

1   prior causes of action, without any elaborations beyond the recitation of the elements of

2   the causes of action.  There are no allegations that actually set forth the factual basis of the

3   purported cause of action.

4        This cause of action is similar to that brought in *Wal–Mart*.  There, the plaintiffs, on

5   behalf of a purported class of foreign workers employed by Wal–Mart suppliers, made a

6   blanket allegation that Wal–Mart exercised control over their day-to-day employment via a

7   series of work standards it required its suppliers to adhere to, and therefore, Wal–Mart was

8   their employer.  The Ninth Circuit found this allegation insufficient, characterizing it as a

9   "conclusion, not a factual allegation stated with any specificity," and reminding that "[w]e

10  need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."

11  *Wal–Mart*, 572 F.3d at 683 (citing *Iqbal*).

12       Plaintiffs here make the exact same conclusory allegations as were rejected in *Wal–*

13  *Mart*.  The court need not accept such conclusions, and should dismiss them.

14  **C.   The Court Should Decline to Exercise Supplemental Jurisdiction Over**

15  **Plaintiffs' State Law Claims.**

16       Under 29 U.S.C. § 1367(c), federal district courts may decline jurisdiction where

17  the state claims substantially predominate over federal claims.  Further, the court should

18  consider judicial economy, convenience, fairness, and comity when deciding whether to

19  exercise supplemental jurisdiction.  *Im v. Jin Constr.*, No. C04-01038, 2004 U.S. Dist.

20  LEXIS 20377 (N.D. Cal. Sept. 24, 2004).

21       Plaintiffs assert six causes of action in the Complaint.  Of them, five are alleged

22  violations of state law.  The sole federal claim for relief is the first cause of action which

23  purports to state a claim for violation of the Migrant and Seasonal Agricultural Worker

24  Protection Act ("MSAWPA").  As discussed above, however, that cause of action, merely

25  states that "Defendants intentionally violated the Migrant and Seasonal Worker Protection

26  Act by: (a) failing to pay wages when due to Plaintiffs and the Class . . .;" "failing to post a

27  notice setting forth the rights and protections provided by the Act . . .; and violating the

28  terms of the working arrangements made with Plaintiffs and the Class . . .," without

specifying what those alleged working arrangements were, how or when they arose, and how they allegedly were not met.   Plaintiffs want to use their MSAWPA claim to address a wide range of allegations under California's complex and ever-evolving scheme of wage and hour laws, yet there is nothing to suggest that MSAWPA was intended to provide a jurisdictional short cut for plaintiffs to bring state wage and hour actions before the federal courts.   While some of the state law claims could potentially be cast as failures to pay wages when under the MSAWPA, each claim requires careful consideration of complex and novel issues of state law to determine whether, in fact, such wages were due.  The true nature of this case is a wage and hour action under state law that should have been brought in state court, with a single federal claim that is secondary to those under state law.

The court can and should hear only claims directly underlying the obligations imposed by the MSAWPA.  This court should decline to address the full range of state law issues and the complex web of state law penalties and remedies raised by Plaintiffs' claims.

Accordingly, this court should dismiss all but the minimum claims necessary to address the MSAWPA violations, in order to avoid embarking on a voyage through a complex maze of penalties and obligations under California's wage and hour laws, and to prevent hearing what is, at its core, a state lawsuit simply because of one federal statute that minimally overlaps with some state laws.

## CONCLUSION

Based upon the preceding, Defendants request that the Court issue an Order granting this Motion and dismissing Plaintiffs' First, Second, Third, Fourth, Fifth and/or Sixth causes of action, singularly or in combination.

Date: March 6, 2014                    BARSAMIAN & MOODY


                                       By: /s/ Patrick S. Moody
                                       Patrick S. Moody
                                       Attorneys for Defendant

PROOF OF SERVICE
(Code of Civil Procedure §1013(a) and 2015.5)

I, Krista K. Osha, declare as follows:

I am and was at the time of service hereafter mentioned, over the age of eighteen (18) years of age and not a party to the above-entitle matter.  My business address is 1141 W. Shaw, Suite 104, Fresno, CA 93711.

On March 6, 2014 I served the following documents:
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' NOTICE OF
MOTION AND MOTION TO DISMISS

☒ By depositing a copy(ies) of each document with the United States Postal Service, City of Fresno, County of Fresno, State of California, in a sealed envelope, with postage prepaid, and addressed to:

Marcos R. Camacho                 Eric B. Kingsley
Mario G. Martinez                 Kingsley & Kingsley
Marcos Camacho, A Law Corporation 16133 Ventura Blvd., Ste. 1200
1227 California Avenue            Encino, CA 91436
Bakersfield, CA 93304

☐ By Hand Delivering such document(s) to be delivered by hand to the offices of the person(s) listed above.

☐ By Facsimile Transmission.  I transmitted such document(s) by facsimile machine to the facsimile number listed below.

Fax:

☐ By United States Postal Service, Certified Mail, Return Receipt Requested, in a sealed envelope, with postage prepaid and addressed to:
I declare under penalty of perjury, according to the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on March 6, 2014 at Fresno, California.

_____
Krista K. Osha

i