# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARQUEZ AMARO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GERAWAN FARMING, INC. et al.,<br><br>Defendants. | Case No. 1:14-cv-00147-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 9, 10, 13, 14)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## PROCEDURAL HISTORY

On February 3, 2014, Plaintiffs Rafael Marquez Amaro and Jesus Alarcon Urzua brought this action on behalf of themselves and others similarly situated against Defendants Gerawan Farming, Inc. and Gerawan Farming Partners, Inc. On March 6, 2014, Defendants filed a motion to dismiss. (ECF Nos. 9, 10.) The action was referred to the undersigned on March 7, 2014. (ECF No. 11.) On March 26, 2014, Plaintiffs filed an opposition to the motion to dismiss. (ECF No. 13.) Defendants filed a reply on April 2, 2014. (ECF No. 14.)

The Court heard oral arguments on Defendants' motion to dismiss on April 9, 2014. (ECF No. 15.) Counsel Mario Martinez appeared for Plaintiffs and Counsel Ronald Barsamian and Patrick Moody appeared for Defendants. (Id.) Having considered the moving, opposition and reply papers, arguments presented at the April 9, 2014 hearing, as well as the Court's file, the Court issues the following findings and recommendations.

1

## II.

## COMPLAINT ALLEGATIONS

Defendants are engaged in the business of growing table grapes and other agricultural commodities and grow and ship table grapes and tree fruit. (Compl. ¶¶ 2, 14.) Plaintiffs Amaro and Urzua are seasonal farm workers who have worked in Defendants' table grape fields and/or tree orchards at various times during the four years prior to filing this action. (Id. at ¶¶ 3, 7.) Plaintiff Amaro worked for Defendants as a field worker since approximately October 2011. (Id. at ¶ 8.) Plaintiff Amaro would begin work at the beginning of the pruning season, around December and be laid off around November at the end of the grape harvest. (Id. at ¶ 8.)

Plaintiff Urzua worked for Defendants as a field worker since approximately April 2012 and was laid off at the end of the grape season around November. (Id. at ¶ 9.) Both Plaintiffs were laid off and rehired from time to time between grape seasons (for example pruning, tying and harvesting) and during tree fruit seasons. (Id. at ¶¶ 8, 9.)

Plaintiffs are non-exempt employees and during the relevant time period, Defendants have hired thousands of seasonal agricultural workers for its agricultural operations. (Id. at ¶¶ 13, 15.) Plaintiffs have entered into oral contracts with Defendants to receive an hourly rate for certain services performed and a piece rate based on production for other services. Defendants posted the applicable California IWC Wage order at the place of employment which communicated to employees that Defendants would follow California's wage orders and laws. (Id. at ¶ 19.)

During the relevant time periods, Plaintiffs allege they worked over ten hours per day and were not paid overtime for piece work at premium wages and worked over three and one half hours per day and were not provided with rest breaks when paid by the piece. (Id. at ¶¶ 22-23.) Plaintiffs contend that when paid by the piece they received sub-minimum wages. (Id. at ¶ 24.) Plaintiffs state they were not paid all wages when they were laid off. (Id. at ¶¶ 52, 62(d).)

Plaintiffs allege violations of the Migrant Seasonal Agricultural Worker Protection Act ("AWPA"); failure to pay minimum wages and overtime and compensate for rest breaks in violation of the California Labor Code and the California Business and Professions Code.

## III.

## LEGAL STANDARD

Defendants bring this motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

## IV.

## DISCUSSION

Defendants contend that Plaintiffs have done nothing more than recite legal conclusions without any grounding in fact and have pled no basic identifying information or facts to state a claim. (Defs.' Mot. to Dismiss 3,[1] ECF No. 9.) Plaintiffs counter that the complaint includes more than enough facts to meet the pleading requirements. (Pls.' Opp. to Defs.' Mot. to Dismiss 6, ECF No. 13.)

Initially, Defendants contend that Plaintiffs have not provided sufficient information for them to identify the group of field workers that Plaintiffs purport to represent. Plaintiffs do not respond to this argument and in the reply Defendants state that Plaintiffs have waived the argument. However, in the complaint, Plaintiffs allege that they were seasonal farm workers engaged in pruning, tying, and harvesting in Defendants grape fields and tree orchards within four years of the filing of this action. The Court finds the complaint sufficient to identify the

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

class as those seasonal farm laborers, employed within four years of the filing of the complaint, engaged in pruning, tying and harvesting.

Defendants further argue that Plaintiffs have done no more than state legal conclusions and the complaint is devoid of facts to state a plausible claim. A motion to dismiss for failure to state a claim is properly granted where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)). In deciding a motion to dismiss for failure to state a claim, the court is to accept factual allegations in the complaint as true, however, the court is not required to accept legal conclusions as true, and the factual allegations must state a plausible claim for relief. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). This requires sufficient factual detail to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

In this instance, as discussed below, the Court finds that Plaintiffs have provided sufficient factual allegations to state a plausible claim for relief.[2]

**A.   First Cause of Action – Violation of Migrant and Seasonal Agricultural Worker Protection Act**

Plaintiffs first cause of action alleges that Defendants have violated the AWPA by failing to pay wages when due, failing to post notice setting forth the rights and protections provided by the Act; and violating the terms of the working arrangements made with Plaintiffs and the class. (ECF No. 2 at 11-12.) Defendants contend that the first cause of action contains no more than legal conclusions that are insufficient to meet the pleading standard under Twombly and Iqbal. Plaintiffs contend that the complaint is well pled and does state a cause of action.

The AWPA provides that an agricultural employer shall "pay the wages owed to such worker when due" and shall not "violate the terms of any working arrangement made by that []

---

[2] In their reply, Defendants contend that Plaintiffs have not stated the "basic who, what, where, when, and how of the alleged violations." (Reply 8, ECF No. 14.) However as Plaintiffs point out this information is identified in the complaint. Defendants seek to hold Plaintiffs to a pleading standard that is not required by Rule 8. While Defendants' arguments may be appropriate in considering a motion to certify the class, the complaint in this instance is sufficient to place Defendants on notice of the basis of the claims that are being brought in this action.

employer [] with any seasonal agricultural worker." 29 U.S.C. § 1832.  The AWPA is remedial in nature and is to "be construed broadly to effect its humanitarian purpose." Doe v. D.M. Camp & Sons, 624 F.Supp.2d 1153, 1166 (E.D. Cal. 2008).

The "AWPA allows seasonal and migrant agricultural employees to bring suit in federal court if employers fail to pay them wages owed or violate a working arrangement." Valenzuela v. Guimarra Vineyards Corp., 614 F.Supp.2d 1089, 1093 (E.D. Cal. 2009).[3]  "Since, the AWPA requirement to pay wages due and the alleged working arrangement incorporate much of the substance of California law regulating agricultural workers, violations of these regulations constitute AWPA claims over which the court has federal question jurisdiction." Valenzuela, 614 F.Supp.2d at 1093.

    1.    <u>Failure to Pay Wages When Due</u>

Plaintiffs contend that Defendants failed to pay them wages when due.  Failure of an employer to pay wages in accordance with federal, state, and local laws constitute violations of the AWPA. D.M. Camp & Sons, 624 F.Supp.2d at 1168.

While Defendants argue that the claims in this action are similar to those found to be deficient in Ramirez v. Manpower, Inc., 2014 WL 116531 (N.D. Cal. Jan. 13, 2014), the Court disagrees.  In Ramirez, the plaintiff's complaint did not provide facts to support her claim. Id. at *4-7.  Here, although minimal, Plaintiffs have pled factual allegations to provide notice of the basis of the claim.[4]

Plaintiffs allege that they are agricultural workers who entered into contracts with Defendants to perform work by hour and/or by piece.  (ECF No. 2 at ¶¶ 8, 9, 19.)  Plaintiffs were employed as farmworkers in Defendants vineyards or orchards and were laid off and rehired

---

[3] In their reply, Defendants contend that Valenzuela is inapplicable because it does not deal with the sufficiency of the pleadings.  However, Valenzuela addresses the issue of what constitutes a working arrangement under the AWPA which is relevant to whether Plaintiffs have pled sufficient facts to show that a working arrangement existed and was violated.

[4] During the April 9, 2014, the Court noted the difficulty of finding the facts in this case insufficient based upon the cases cited by Defendants, such as Ramirez.  Without reviewing the actual complaint filed in the other action, a different court finding that the facts were insufficient to state a claim is of little assistance here.  This Court must base its decision on the review of the complaint filed in this action and those facts alleged by Plaintiffs under the applicable law, which is what those cases cited by Defendants did.

during the relevant time period. (Id. at 8, 9, 10, 14.) Plaintiffs contend that Defendants failed to keep the terms of the agreement by failing to pay all wages due and failing to comply with the applicable California IWC Wage Order No. 14-2001. (Id. at ¶ 27.) Plaintiffs claim that, when they were paid in full or in part by piece, the wages they received did not meet the minimum wage requirement; and they worked over 10 hours per day and were not paid time and one half for the overtime hours when they were paid by the piece. (Id. at ¶¶ 22, 24.) The Court finds that this is sufficient to state a cognizable claim for failure to pay wages when due in violation of the AWPA.

### 2. Failure to Post Notice

Plaintiffs allege that Defendants violated the AWPA by failing to post notice setting forth the rights and protections of the AWPA. (ECF No. 2 at § 40(b).) The AWPA requires all agricultural employers to post in a conspicuous place at the place of employment "a poster provided by the Secretary setting forth the rights and protections afforded such workers under this chapter. . . ." 29 U.S.C. § 1831(b). Plaintiffs' complaint alleges that Defendants are agricultural employers who employed seasonal workers and did not post the required notice. The Court finds that Plaintiffs complaint states a cognizable claim for failure to post notice in violation of the AWPA.

### 3. Violating Terms of Working Arrangement

Plaintiffs claim that Defendants violated the terms of a working arrangement. Defendants move to dismiss on the ground that the facts alleged in the complaint, reliance on the California IWC Wage Order at the place of employment, is insufficient to establish a working arrangement. Plaintiffs counter that posting the IWC order at the job site has been found to be part of the AWPA working arrangement.

Plaintiffs allege they entered into a working arrangement, oral contracts with Defendants to receive an hourly rate for certain services performed and a piece rate based on production for other services. (ECF No. 2 at ¶ 19.) Further, Plaintiffs state that Defendants posted the applicable wage order at the work site. (Id. at ¶ 19.) Where the wage order is posted at the workplace notifying the workers of their rights, it becomes part of the working arrangement.

Valenzuela, 614 F.Supp.2d at 1092-93.  A working arrangement under the AWPA consists of those terms of employment actually communicated between the parties.  D.M. Camp & Sons, 624 F.Supp.2d at 1172.  Plaintiffs' allegation that Defendants posted the wage order at the worksite and failed to pay wages in compliance with the order states a cognizable claim for violation of the working arrangement under the AWPA.

### B. Second Cause of Action - Failure to Pay Overtime and All Wages Pursuant to California Labor Code

Plaintiffs' second cause of action alleges that Defendants required them to work in excess of ten hour workdays or 60 hours in a workweek without compensating them at one and one half times their regular rate of pay when they were paid in whole or in part by piece in violation of the California Labor Code.  (ECF No. 2 at ¶¶ 22-23.)  Defendants contend that Plaintiffs fail to state a claim as "there are no factual allegations of when overtime was worked, who worked it, how much overtime was worked, how often this occurred, or any other context at all."  (ECF No. 9 at 7.)  However, a complaint does not require this type of detailed factual allegations to state a claim.  Iqbal, 556 U.S. at 678.

"The Industrial Welfare Commission ("IWC") is "the state agency empowered to formulate regulations (known as wage orders) governing employment in the State of California [while the] Division of Labor Standards Enforcement (DLSE) ... is the state agency empowered to enforce California's labor laws, including IWC wage orders."  Valenzuela, 514 F.Supp.2d at 1092 (quoting Tidewater Marine Western, Inc. v. Bradshaw, 14 Cal.4th 557, 561–62, 59 Cal.Rptr.2d 186, 927 P.2d 296 (1996)).  Wage Order No. 14-2001 applies to all persons employed in an agricultural occupation regardless of whether they are paid by time, piece rate, commission, or some other basis.  Cal. Code. Regs. tit. 8, § 11140.  The order provides that:

> employees shall not be employed more than ten (10) hours in any one workday or more than six (6) days in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over ten (10) hours in any workday and for the first eight (8) hours on the seventh (7th) day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of work in the workweek.

Cal. Code. Regs. tit. 8, § 11140(3).

California Labor Code Section 1194 provides "[n]otwithstanding any agreement to work

7

for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation. . . ." Cal. Lab. Code § 1194(a). Plaintiffs' complaint sufficiently alleges that they were required to work hours entitling them to overtime pay and Defendants failed to compensate them as required by the California Labor Code when they were paid in part or in whole by piece.

### C. Third, Fourth, and Fifth Causes of Action

Defendants contend that the third, fourth, and fifth causes of action fail to state a claim as the complaint does not allege how, when, how often, or to whom these alleged wrongs occurred. Again, a complaint does not require this type of detailed factual allegations to state a claim. Iqbal, 556 U.S. at 678.

#### 1. Third Cause of Action – Failure to Pay Minimum Wages

The third cause of action alleges that Plaintiffs were not paid $8.00 per hour when all or a portion of their wages was by piece. (ECF No. 2 at ¶¶ 24, 47.) Plaintiffs allege that the failure to pay minimum wage was apparent from reviewing Plaintiffs' paystubs which were provided by Defendants. (Id. at ¶ 26.) The California Labor Code provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." Cal. Lab. Code § 1197. Pursuant to Section 1194, "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation. Cal. Lab. Code § 1194(a).

Plaintiffs' complaint sets forth sufficient factual allegations to state a claim for failure to pay minimum wages in violation of section 1197.

#### 2. Fourth Cause of Action – Failure to Compensate for Rest Breaks

Plaintiffs' fourth cause of action alleges that they consistently worked over three and one half hours per day without being provided with a paid ten minute rest break when paid by the piece as required by Labor Code section 226.7. (ECF No. 2 at ¶¶ 23, 52.) Pursuant to California

law, an employer shall not require an employee to work during a rest period pursuant to an applicable order of the Industrial Welfare Commission. Cal. Lab. Code § 226.7(b). Per the wage order, employees are entitled to "authorized rest period . . . at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted, as hours worked for which there shall be no deduction from wages." Cal. Code. Regs. tit. 8, § 11140(12).

Plaintiffs' complaint sets forth sufficient factual allegations to state a claim for failure to provide paid rest breaks in violation of section 226.7.

        3.        Fifth Cause of Action – Penalties Pursuant to California Labor Code Section 203

During their employment, Plaintiffs Amaro and Urzua contend that they have been laid off and rehired between the various table grape and tree fruit seasons. (ECF No. 2 at ¶¶ 8, 9.) Plaintiffs also allege that many field workers have quit, or been laid off during the various table grape and tree fruit seasons. (Id. at ¶ 16.) Plaintiffs' fifth cause of action alleges that Defendants willfully failed to pay Plaintiffs all wages due when they were discharged, laid off, or quit in violation of Labor Code sections 201, 202, and 205.5 entitling them to waiting time penalties. (Id. at ¶¶ 55, 56.)

California Labor Code section 205.5 requires agricultural employees to be paid their wages twice during each calendar month. California Labor Code section 201(a) provides that:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. An employer who lays off a group of employees by reason of the termination of seasonal employment in the curing, canning, or drying of any variety of perishable fruit, fish or vegetables, shall be deemed to have made immediate payment when the wages of said employees are paid within a reasonable time as necessary for computation and payment thereof; provided, however, that the reasonable time shall not exceed 72 hours, and further provided that payment shall be made by mail to any employee who so requests and designates a mailing address therefor.

California Labor Code section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the

mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

If an employer willfully fails to pay wages of an employee who is discharged or quits in accordance with Sections 201, 202, and 205.5, the wages of the employee shall continue as a penalty, not to exceed thirty days. Cal. Lab. Code § 203(a). These penalties are called "waiting time penalties." Valenzuela, 614 F.Supp.2d at 1102. Plaintiffs' allegations that they were laid off from seasonal work or quit without being paid for all wages due states a cognizable claim for violation of the California Labor Code entitling Plaintiffs to waiting time penalties.

### D. Sixth Cause of Action – Violation of the Business & Professions Code Section 17200

Plaintiffs' sixth cause of action alleges that Defendants engaged in unlawful and unfair business practices under the Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200 et seq., by 1) underpaying workers; 2) failing to provide paid rest periods to workers; 3) retaining the benefit of the labor performed by the workers without reasonable compensation; 4) failing to promptly pay workers when they were discharged or laid off; and 5) paying workers less than minimum wage. (ECF No. 2 at ¶ 61.) Defendants contend that the complaint fails to set forth allegations for the factual basis of the cause of action.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all three prongs of the UCL—unlawful, unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1554 (2007). To state a claim for a violation of the UCL, a plaintiff must allege that the defendant engaged in one of the practices prohibited by the statute and he suffered an injury as a result of the defendant's actions. San Francisco Residence Club, Inc. v. Amado, 773 F.Supp.2d 822, 833 (N.D. Cal. 2011).

Under the unlawful prong, the UCL borrows violations of other laws and makes the unlawful practices actionable under the UCL. Berryman, 152 Cal.Ap.4th at 1554. In this instance, Plaintiffs have alleged that Defendants have engaged in unlawful practices by failing to

comply with the AWPA and California Labor Law.[5] (ECF No. 2 at ¶ 61.) As discussed above, Plaintiffs' allegations are sufficient to state a claim for violations of the AWPA and state labor law. Further, Plaintiffs contend that they have suffered an injury as they have not received all wages due from Defendants. (Id.)This is sufficient to state a claim for violation of the UCL.

### E. Supplemental Jurisdiction

Defendants request that the Court decline to exercise supplemental jurisdiction over the state law claims. Defendants argue that this is a state law wage and hours claim with a single federal claim secondary to the state law claims which will involve "careful consideration of complex and novel issues of state law." (ECF No. 9 at 9-10.) Plaintiffs respond that the AWPA incorporates state law and provides an umbrella to protect agricultural workers. The state law claims provide the substance of the AWPA claims and are therefore AWPA claims. Plaintiffs further argue that the claims all arise from the same case and controversy, and do not involve complex issues of state law.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." The court may decline jurisdiction where the claim raises novel or complex issues of state law, the state law claims substantially predominate over the federal claims, the federal claims have been dismissed, or where there are compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Court first considers if the claims are part of the same case or controversy.

---

[5] Defendants contend that this claim is similar to that brought in Doe I v. Wal-Mart Stores, Inc., 572 F.3d 667 (9th Cir. 2009). However, the issue in Wal-Mart was whether Wal-Mart was the plaintiffs' employer and the only allegation in the complaint was that Walmart exercised control over their day-to-day employment which was a conclusion. 572 F.3d at 683. Here, Plaintiffs have alleged sufficient factual information to show that they entered into a contract to work for Defendants, they did work for Defendants, and were not compensated for all hours worked as required by California law.

1. Same Case or Controversy

"Supplemental (formerly pendent) jurisdiction exists where state law claims are so related to claims over which the court has federal question jurisdiction that they form part of the same case or controversy." Picard v. Bay Area Regional Transit Dist., 823 F.Supp. 1519, 1526 (N.D. Cal. 1993). A state law claim is part of the same case or controversy where it shares a "common nucleus of operative facts" with the federal claims and the federal and state law claims would normally be tried together. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004). As the federal and state causes of action are based upon the same facts, the Court finds that supplemental jurisdiction exists in this case. Having found the claims are part of the same case or controversy, the Court next considers if a reason exists to decline jurisdiction of the state law claims.

2. Novel or Complex Issues of State Law

Defendants state that deciding these claims will require careful consideration of complex and novel issues of state law and that California wage are hour laws are complex and ever-changing, without further argument or legal citation to support the statements. Plaintiffs counter that the law governing their claims is settled and not difficult to apply.

Defendants have presented no specific arguments as to any novel or complex issue that will be involved in deciding the state law claims. Further, as Plaintiffs point out, the Eastern District docket has been filled with cases alleging similar claims. See Soto v. Castlerock Farming and Transport, Inc., No. 1:09-cv-00701-AWI-JLT (E.D. Cal.); Rosales v. El Rancho Farms, No. 1:09-cv-00707-AWI-JLT (E.D. Cal.); Munoz v. Giumarra Vineyards Corp., No. 1:09-cv-00703-AWI-JLT (E.D. Cal.); Arredondo v. Delano Farms Co., No. 1:09-cv-01247-MJS (E.D. Cal.); Robles v. Sunview Vineyards of California, Inc., No. 1:06-cv-00288-AWI-SMS (E.D. Cal.); Doe v. D.M. Camp & Sons, 1:05-cv-01417-AWI-SMS (E.D. Cal.); Valenzuela v. Guimarra Vineyards Corp., No. 1:05-cv-01600-AWI-SMS (E.D. Cal.); Bran v. Sun Pacific Farming Coop., No. 1:06-cv-0871-LJO-JLT (E.D. Cal.). The Court finds that this action does not involve novel or complex issues of state law that would be the basis to decline supplemental jurisdiction.

### 3. State Law Claims Do Not Predominate

Defendants argue that Plaintiffs are using the AWPA as a jurisdictional shortcut for bringing what is a state wage and hour action into federal court. "If it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." Picard, 823 F.Supp. at 1527 (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)). The federal claims raised here are based on the same conduct as the state law claims and incorporate state law. The Court finds that state law claims do not substantially predominate over the federal law claims and recommends that the Court exercise supplemental jurisdiction over the state law claims.

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss, filed March 6, 2014, be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 11, 2014**

UNITED STATES MAGISTRATE JUDGE