GERAWAN FARMING, INC.
Michael P. Mallery #116345
7108 N. Fresno Street, Suite 450
Fresno, CA 93720
Telephone: 559 272-2310
Facsimile: 559 500-1079
E-Mail *m.mallery@gerawan.com*

IRELL & MANELLA LLP
David A. Schwarz #159376
*DSchwarz@irell.com*
Victor Jih #186515
*VJih@irell.com*
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

BARSAMIAN & MOODY
A Professional Corporation
Attorneys at Law
Ronald H. Barsamian, #81531
Patrick S. Moody, #156928
Manuel E. Ignacio, #279191
Charles P. Hamamjian, #298685
1141 W. Shaw Avenue, #104
Fresno, CA 93711
Telephone: 559/248-2360
Facsimile: 559/248-2370
Email: *laborlaw@theemployerslawfirm.com*

Attorneys for GERAWAN FARMING, INC. and
GERAWAN FARMING PARTNERS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rafael Marquez Amaro, Jesus Alarcon Urzua, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br>        vs.<br><br>GERAWAN FARMING, INC., a California Corporation; GERAWAN FARMING PARTNERS, INC., a California Corporation; DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.: 1:14-CV-00147-DAD-SAB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM IN SUPPORT**<br><br>[filed concurrently with Defendants' Request for Judicial Notice]<br><br>Date:   July 5, 2016<br>Time:  9:30 a.m.<br>Court: Hon. Dale A. Drozd |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT on July 5, 2016 at 9:30 a.m. in Department 5 of the United State District Court for the Eastern District of California, located at 2500 Tulare Street, Courtroom #9, 6th Floor, Fresno, California 93721, Defendants Gerawan Farming, Inc. and Gerawan Farming Partners, Inc. ("Gerawan") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 23(c)(1)(C) and Local Rule 230(j), for an order reconsidering the May 20, 2016 Order Granting Plaintiffs' Motion For Class Certification ("Order") (Dkt. 57) and denying Plaintiffs' Motion For Class Certification (Dkt. 33).

This Motion is based on the grounds that the Order constituted a clear error of law. Specifically, the Order relied on a misinterpretation of Labor Code § 226.7(c), failed to consider whether other certified claims met the requirements of Federal Rule of Civil Procedure 23, and certified other claims in violation of Federal Rule of Civil Procedure 23.

This Motion is supported by this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Gerawan's Opposition To Plaintiffs' Motion For Class Certification ("Opp. Br.") (Dkt. 51), Defendant's concurrently filed Request for Judicial Notice, the complete files and records in this Action, matters subject to judicial notice, and such further evidence and argument as may be heard at the time of the hearing.

Dated:  June 3, 2016                                  Respectfully submitted,
                                                      GERAWAN FARMING, INC.
                                                      MICHAEL P. MALLERY

                                                      IRELL & MANELLA LLP
                                                      DAVID A. SCHWARZ
                                                      VICTOR JIH

                                                      BARSAMIAN & MOODY
                                                      RONALD H. BARSAMIAN
                                                      PATRICK S. MOODY
                                                      MANUEL E. IGNACIO
                                                      CHARLES P. HAMAMJIAN

                                                      By:_____
                                                                Victor Jih
                                                      Attorneys for Gerawan Farming, Inc., and
                                                      Gerawan Farming Partners, Inc.

- 2 -

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................................i

II.   RECONSIDERATION IS WARRANTED ..................................................4

III.  THE PIECE-RATE CLASS SHOULD NOT HAVE BEEN CERTIFIED ......................4

      A.    The Section 226.7 "Penalty" Does Not Apply .......................................4

            1.    The California Supreme Court Has Held That § 226.7 Only
                  Applies To the Failure to Provide Rest Breaks, not the
                  Failure to Compensate ........................................................5

            2.    The Plain Text of § 226.7 Applies Only To Missed Rest
                  Breaks ..................................................................................7

            3.    Section 226.7's Legislative History Limits The Penalty To
                  Missed Breaks .....................................................................8

      B.    The Order Failed To Address How Plaintiffs' Other Rest Break
            Claims Are Subject To Class-Wide Treatment ....................................10

IV.   THE MINIMUM WAGE CLASS SHOULD NOT BE CERTIFIED..............................11

V.    THE FORMER EMPLOYEE CLASS SHOULD NOT BE CERTIFIED
      OR, AT A MINIMUM, IT SHOULD BE REVISED .......................................12

VI.   CONCLUSION ..........................................................................................12

DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM IN SUPPORT

## <u>TABLE OF AUTHORITIES</u>

<b>Page(s)</b>

<u>Cases</u>

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
    99 F.R.D. 99 (E.D. Va. 1983) ........................................................................................... 4

*Berger v. Home Depot USA, Inc.*,
    741 F.3d 1061 (9th Cir. 2014) ....................................................................................... 10

*Bluford v. Safeway Stores, Inc.*,
    216 Cal. App. 4th 864 (2013) ................................................................................... 1, 11

*Bolin v. Sears, Roebuck & Co.*,
    231 F.3d 970 (5th Cir. 2000) ........................................................................................ 10

*Bradley v. Networkers Int'l LLC*,
    No. D052365, 2009 WL 265531 (Cal. Ct. App. Feb. 5, 2009) ....................................... 6

*Brailsford v. Blue*,
    57 Cal. 2d 335 (1962) .................................................................................................... 9

*Brewer v. Premier Golf Properties*,
    168 Cal. App. 4th 1243 (2008) .................................................................................... 12

*Cummings v. Starbucks Corp.*,
    No. 12–CV–6345, 2014 WL 1379119 (C.D. Cal. Mar. 24, 2014) .................................. 5

*Erica P. John Fund, Inc., v. Halliburton Co.*,
    563 U.S. 804 (2011) ..................................................................................................... 10

*In re Ehring*,
    91 B.R. 897 (B.A.P. 9th Cir. 1988), *aff'd*, 900 F.2d 184 (9th Cir. 1990) ....................... 9

*In re Taco Bell Wage & Hour Actions*,
    No. 1:07–CV–1314, 2012 WL 5932833 (E.D. Cal. Nov. 27, 2012) (Beck,
    Mag.) *report and recommendation adopted sub nom.* 2013 WL 28074 (E.D.
    Cal. Jan. 2, 2013) (O'Neill, J.) .................................................................................... 5

*Kirby v. Immoos Fire Prot., Inc.*,
    53 Cal. 4th 1244 (2012) ....................................................................................... 2, 5, 6, 7

*Lennane v. Franchise Tax Bd.*,
    9 Cal. 4th 263 (1994) ..................................................................................................... 7

*Leyva v. Medline Industries, Inc.*,
    716 F.3d 510 (9th Cir. 2013) .......................................................................................... 5

*Ling v. P.F. Chang's China Bistro, Inc.*,
    245 Cal. App. 4th 1242 (2016) ...................................................................................... 6

*Melendres v. Arpaio*,
    695 F.3d 990 (9th Cir. 2012) .......................................................................................... 4

- ii -

**Page(s)**

*Ordonez v. Radio Shack, Inc.*,
    No. 2:10-CV-07060, 2014 WL 4180958 (C.D. Cal. Aug. 15, 2014)................................. 5

*People v. Tindall*,
    24 Cal. 4th 767 (2000)....................................................................................................... 8

*Pineda v. Bank of Am., N.A.*,
    50 Cal. 4th 1389 (2010)................................................................................................... 12

*Sch. Dist. No. 1J  v. ACandS Inc.*,
    5 F.3d 1255 (9th Cir. 1993).............................................................................................. 4

*Singletary v. Teavana Corp.*,
    No. 5:13-CV-01163, 2014 WL 1760884 (N.D. Cal. Apr. 2, 2014) ................................... 6

*Smith v. Family Video Movie Club, Inc.*,
    No. 11–CV–1773, 2013 WL 1628176(N.D. Ill. Apr. 15, 2013) ...................................... 10

*Valenzuela v. Giumarra Vineyards Corp.*,
    614 F. Supp. 2d 1089 (E.D. Cal. 2009) ............................................................................ 8

**Statutes**

Cal. Lab. Code § 226.7........................................................................................................passim

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... 4, 10

Fed. R. Civ. P. 230 .................................................................................................................. 4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM IN SUPPORT

1   **I.      INTRODUCTION**

2          The May 20, 2016 class certification order (Dkt. 57) ("Order") relies on an interpretation

3   of Labor Code § 226.7(c) that contradicts California Supreme Court authority, the statute's text,

4   and its legislative intent, and would impose unprecedented penalties for failing to separately

5   compensate rest breaks that were offered but not taken.  Plaintiffs never argued this theory for

6   class certification.  Nor did the parties brief it.  Under those circumstances, and because the Order

7   constitutes clear error, Defendants respectfully urge the Court to reconsider the Order and deny

8   Plaintiffs' motion for class certification.

9          This case arises in the wake of a 2013 decision by the California Court of Appeal that

10  fundamentally changed California employment law.  It required, for the first time, that employers

11  pay piece-rate workers separate, hourly-based compensation while on rest breaks.  *See Bluford v.*

12  *Safeway Stores, Inc.*, 216 Cal. App. 4th 864 (2013).  Before *Bluford*, employers understood that

13  compensation for piece-rate workers was lawful if the total hours worked, including rest breaks,

14  was compensated above the minimum wage.[1]  After *Bluford*, employers like Gerawan quickly

15  updated their policies consistent with the new interpretation of the law.  That swift change in

16  policy, however, did not stop the flood of lawsuits—like this one—that were built on an

17  unforeseen interpretation of the law for which employers like Gerawan never had notice.

18         Plaintiffs sought to certify three classes.  The first class, and the one on which the other

19  two depend, based on *Bluford*, alleged that Gerawan did not separately compensate piece-rate

20  workers on an hourly basis during their rest breaks (the "Piece-Rate Class").  In their briefing and

21  at the hearing, Defendants explained that the Piece-Rate Class could not be certified because

22  whether a proposed class member actually took a rest break was an individualized issue.  As the

23  Court noted in its Order, California law requires that employees only be *offered* the opportunity to

24  take a break.  *See* Order at 7:5–7.  The record here reflects that some employees voluntarily

---

[1] The California Department of Industrial Relations recognized that the ground shifted after these decisions, that "the holdings in *Gonzalez* and *Bluford* remain in dispute," and that both cases had "generated class actions and Private Attorney General Act (PAGA) litigation to recover back pay and penalties for piece-rate workers who were not separately compensated."  See DIR, "Piece-Rate Legislation (AB 1513) Fact Sheet."  As of May 31, 2016, the Fact Sheet is publicly available at http://www.dir.ca.gov/pieceratebackpayelection/piecerate.html.

1   skipped their offered rest breaks to earn more money.  *See* Order 7:24–8:1.  But no California

2   authority requires employers to separately compensate rest breaks that an employee chooses not to

3   take.  Therefore, for those employees who skipped their rest breaks, choosing instead to work

4   through this period, there is no liability or damages.  As a result, this class (and the other two that

5   depend on it) should not have been certified because individualized issues concerning both

6   liability and damages—which turn on whether a worker took a break, how many, and for how

7   long—would predominate.

8         To avoid these individualized issues, the Court's Order invoked and then misconstrued the

9   penalty provisions of Labor Code § 226.7(c), effectively holding that whether each employee took

10  his or her breaks is immaterial to whether they can recover damages.  Under the current version of

11  section 226.7(c), employers can be required to pay "one additional hour of pay" for each day that

12  the employer "fails to provide an employee a meal or rest or recovery period in accordance with a

13  state law …."[2]  The Court reasoned that failing to separately *compensate* a rest break (even if not

14  taken) is equivalent to failing to *provide* one in accordance with state law, thereby triggering the

15  penalty.  In other words, the Order concluded that it is irrelevant whether rest breaks were

16  provided or whether an employee actually took a rest break; the employer is liable for an extra

17  hour of pay if the (non)break was not compensated separately.

18        The Order's interpretation of section 226.7 is erroneous and unprecedented.  No court or

19  other authority has ever held that a rest break that was indisputably provided may nevertheless

20  trigger the one hour penalty.  To the contrary, the California Supreme Court has expressly held

21  that "Section 226.7 is not aimed at protecting or providing employees' wages."  *Kirby v. Immoos*

22  *Fire Prot., Inc.*, 53 Cal. 4th 1244, 1255 (2012).  Rather, it is focused solely on making sure that

23  employers actually "provide" rest breaks.  *See id.* (holding that liability under § 226.7 arises from

24  "the nonprovision of meal and rest periods, not for the nonpayment of wages").

25

26

---

27  [2] The Order erroneously suggests the penalty applies for each missed rest break.  However, the
    statute assesses the penalty for "for each workday that the meal or rest or recovery period is not
28  provided."  Labor Code § 226.7(c).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM IN SUPPORT

1    Moreover, this interpretation is at odds with the statute's text and legislative history. The

2  text of section 226.7 assesses the penalty only where the employer fails to "provide" a rest break.

3  The version of the statute the Court cited did not even exist until 2014—a year *after* Gerawan had

4  already changed its rest break compensation policy. *See* Request for Judicial Notice ("RJN"), Ex.

5  A.  Under the original text, the statute lacked the phrase "in accordance with state law" and

6  referred to rest breaks required only by "an applicable order of the Industrial Welfare

7  Commission." *See* RJN, Ex. B.  Thus, the statute was never intended to assess penalties for failing

8  to separately compensate rest breaks that were provided.

9    The Order's interpretation of section 226.7 would result in a massive, unjustified windfall

10  to Plaintiffs, granting them an hour of pay for only a 10-minute break, multiplied by thousands of

11  employees, for each workday over a period of several years.  The unfairness of that result is

12  compounded by the fact that Gerawan never even had notice that it was violating the law and

13  subjecting itself to a penalty that has never before been applied in this context.

14    But even if the Order's reading of section 226.7 were correct—and it is not—the Piece-

15  Rate Class was still improperly certified because the section 226.7 one-hour penalty is not the only

16  remedy Plaintiffs seek.  For example, Plaintiffs also seek the actual wages that should have been

17  paid during breaks, restitution, and other relief.  Because no California authority has ever held that

18  employers must pay for rest breaks not taken, Gerawan's liability on these additional claims can

19  only be determined if it is known whether an employee actually took a break.  This means that

20  none of the individual inquiries that the Court's focus on section 226.7 was meant to avoid would

21  be avoided, nor does the proposed class prevent these individualized issues from predominating.

22  Defendants urge the Court to reconsider and decertify the class given these multiple claims.  At

23  the very least, the Piece-Rate Class must be redefined to exclude these additional claims.

24    In addition, the Court should not have certified the remaining two classes.  Along with the

25  Piece-Rate Class, the Court certified the "Minimum Wage Class" and the "Former Employee

26  Class."  Because both are affected by the Piece-Rate Class, neither can be certified without it.

27    For the Minimum Wage Class, Plaintiffs allege that Gerawan failed to pay minimum wage

28  by calculating wages on a weekly, rather than daily, basis.  Plaintiffs' minimum wage claims

1  cannot be divorced from their rest break claim.  It is impossible to know whether an individual's

2  total wages was less than the minimum wage until it is known whether he or she is entitled to

3  additional wages as a result of the rest break claim.  If Plaintiffs recover additional wages for

4  breaks, many of the alleged minimum wage violations would be mooted.  Therefore, the Minimum

5  Wage Class cannot be certified without the Piece-Rate Class.  Decertification of the Piece-Rate

6  Class would require reconsideration of the Minimum Wage Class.

7  Finally, the Order certified the Former Employee Class, which alleges waiting time

8  penalties and other claims for relief.  Plaintiffs and the Order agree that the Former Employee

9  Class is derivative of the other two classes.  *See* Order at 28:3–4.  Because neither of the other

10  classes should have been certified, the Former Employee Class must also be decertified.

11  **II.    RECONSIDERATION IS WARRANTED**

12  Reconsideration is appropriate where a court "commit[s] clear error," *Sch. Dist. No. 1J  v.*

13  *ACandS Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993); *see also* L.R. 230(j)(3), or "ma[kes] a decision

14  outside the adversarial issues presented to the Court by the parties," *Above the Belt, Inc. v. Mel*

15  *Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  Moreover, the Court is entitled to

16  reconsider at any time an "order that grants or denies certification."  Fed. R. Civ. P. 23(c)(1)(C);

17  *Melendres v. Arpaio*, 695 F.3d 990, 999 (9th Cir. 2012) ("[C]lass certification is subject to

18  amendment at any time before final judgment.").  Here, the Court committed clear error by:

19  (1) certifying the Piece-Rate Class based on an erroneous interpretation of section 226.7; (2)

20  certifying the other rest break claims without addressing Rule 23(b)(3); and (3) certifying the

21  Minimum Wage Class and the Former Employee Class, which are derivative.

22  **III.    THE PIECE-RATE CLASS SHOULD NOT HAVE BEEN CERTIFIED**

23  **A.    The Section 226.7 "Penalty" Does Not Apply**

24  In certifying the Piece-Rate Class, the Court recognized the fundamental problem with

25  Plaintiffs' proposed class: Class-wide resolution was not possible because there are no records

26  indicating whether each class member actually took a rest break and, therefore, has a claim.  *See*

27  Order at 8:15–16.  As the Court put it, "if calculating damages in this case depended on

28

- 4 -

1  establishing whether one of defendants' employees elected to take or forego an offered rest break,

2  the court may well have been persuaded by defendants' argument." *Id.* at 17:17–19.

3       The Order reasoned that this lack of records creates individualized issues concerning <u>only</u>

4  damages.  Not so.  Whether plaintiffs took rest breaks also goes directly to whether Gerawan has

5  any liability at all.  For example, in *Leyva v. Medline Industries, Inc.*, 716 F.3d 510, 513 (9th Cir.

6  2013), the Ninth Circuit certified claims dealing with individualized issues related to employee

7  compensation only in the face of records that allowed damages to be automatically calculated on a

8  classwide basis.  *Id.* at 514 ("Medline's computerized payroll and time-keeping databases would

9  enable the court to accurately calculate damages and related penalties for each claim.").[3]

10      To avoid these problems, the Order relied a novel interpretation of section 226.7.

11 However, this interpretation constitutes clear error, for three reasons:  (1) it is inconsistent with the

12 California Supreme Court's interpretation of section 226.7; (2) it ignores the statute's plain text;

13 and (3) it is contrary to the statute's original intent and legislative history.

14           *1.     The California Supreme Court Has Held That § 226.7 Only Applies To*

15                  *the Failure to Provide Rest Breaks, not the Failure to Compensate*

16      Section 226.7 has a singular purpose:  "ensuring the health and welfare of employees by

17 requiring that employers provide meal and rest periods as mandated by the IWC."  *Kirby*, 53 Cal.

18

19

_____

20 [3] In cases like this, the lack of records leaves courts "without a method of establishing by common
   proof when rest breaks were or were not taken by members of the class"—in other words, a

21 method of establishing liability.  *Vasquez v. First Student, Inc.*, No. 2:14–CV–6760, 2015 WL

22 1125643, at *9 (C.D. Cal. Mar. 12, 2015) ("Plaintiff has not proffered a viable method of
   determining when (or if) a particular Driver took a rest break on a particular day, short of

23 obtaining testimony regarding each Driver at each location."); *see In re Taco Bell Wage & Hour
   Actions*, No. 1:07–CV–1314, 2012 WL 5932833, at *11 (E.D. Cal. Nov. 27, 2012) (Beck, Mag.)

24 *report and recommendation adopted sub nom.* 2013 WL 28074 (E.D. Cal. Jan. 2, 2013) (O'Neill,
   J.) ("Without reliable evidence in the time cards, an individual inquiry is the only way to

25 determine whether a second break was or was not taken."); *Ordonez v. Radio Shack, Inc.*, No.

26 2:10-CV-07060, 2014 WL 4180958, at *6 (C.D. Cal. Aug. 15, 2014) ("This sort of individualized
   inquiry, unassisted by timecards or similar data, would render a class unmanageable."); *Cummings*

27 *v. Starbucks Corp.*, No. 12–CV–6345, 2014 WL 1379119, at *22 (C.D. Cal. Mar. 24, 2014) ("Nor
   is there a common method of proof that can demonstrate when employees were denied a second

28 rest break because rest breaks are not documented.").

DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM IN SUPPORT

4th at 1255.  "Section 226.7 is not aimed at protecting or providing employees' wages," *id.* (citing legislative history), but to address circumstances where no breaks are offered or provided.

> When an employee sues for a violation of section 226.7, he or she is suing because an employer has allegedly *required the employee to work* during a meal or rest period mandated by an applicable order of the Industrial Welfare Commission. In other words, a section 226.7 action is brought for the *nonprovision* of meal and rest periods, not for the '*nonpayment* of wages.'

*Id.* (emphasis added).[4]  "Accordingly, a section 226.7 claim is not an action brought for nonpayment of wages; it is an action brought for non-provision of meal or rest breaks."  *Id.* at 1257.  Yet in this case, Plaintiffs' sole claim is for *nonpayment* of wages during rest breaks; there is no dispute that the rest breaks were provided.  *See* Order at 16:18–19 ("[P]laintiffs and defendants agree that class members were *offered*, and free to take, rest breaks.  Rather, the issue is whether class members were properly *compensated* for these breaks.") (emphasis added); Plaintiffs' Reply Brief in Support of Motion for Class Certification, at 6 (Dkt. 55) ("Defendants implemented a system to ensure that field workers received their rest periods.").

Following *Kirby*, courts have consistently recognized that section 226.7 applies only when rest breaks are missed.  *See Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1261 (2016) ("*Kirby* concluded that 'a section 226.7 action is brought for the nonprovision of meal and rest periods, not for the 'nonpayment of wages.'"); *Singletary v. Teavana Corp.*, No. 5:13-CV-01163, 2014 WL 1760884, at *4 (N.D. Cal. Apr. 2, 2014) ("*Murphy* teaches that the monetary remedy created by Section 226.7 is a wage, while *Kirby* clarifies that the wrong giving rise to that remedy does not stem from a wage violation."); *see also Bradley v. Networkers Int'l LLC*, No. D052365, 2009 WL 265531, at *11 (Cal. Ct. App. Feb. 5, 2009) ("If an employee took a rest break or a meal break, the employee cannot prevail on a claim that he or she is entitled to compensation for a 'missed' break.").

Because there is no allegation that the Piece-Rate Class was required to work during breaks, Plaintiffs cannot state a claim under section 226.7.  *See Kirby*, 53 Cal. 4th at 1256

---

[4] *Kirby* addressed the text of § 226.7 before it was amended in 2015. However, for purposes of the California Supreme Court's analysis, the amendments were immaterial.

("[W]hen an employee sues on the ground that his or her employer has violated section 226.7, the basis for the lawsuit is the employer's nonprovision of statutorily required rest breaks....").

### 2.   The Plain Text of § 226.7 Applies Only To Missed Rest Breaks

The California Supreme Court's interpretation of section 226.7 is based on its plain text.[5] By its terms, section 226.7 applies only when an employer "fails to provide" a rest break. However, the Court's Order presumes—without citing authority—that the phrase "in accordance with a state law" indicates that the penalty should also apply when there is some other deficiency, even if rest break was actually provided. Order at 17–18. That reading, however, ignores the penalty clause of the statute, which does not include the same "in accordance with" language.

Under the penalty clause, "one additional hour of pay" is owed only when "the meal or rest or recovery period *is not provided.*" § 226.7(c) (emphasis added). There is no reference to "in accordance with a state law" or any failure to "comply" with rest-break law generally. If the statute truly applied to every instance of non-compliance with rest-break law, the penalty clause would have said an additional hour of pay is owed whenever there is non-compliance. Instead, it only focuses on whenever a rest break is not provided. In interpreting the statute, the Court should give meaning to each word, including the critically important three words at the end. *See Lennane v. Franchise Tax Bd.*, 9 Cal. 4th 263, 268 (1994) ("[T]he Legislature is presumed to have meant what it said, and the plain meaning of the language governs."). The penalty clause makes it clear that the sole basis for the penalty is the failure to actually provide breaks.

Moreover, the Order's interpretation of section 226.7 neglects subsection (b), which "defines a legal violation solely by reference to an employer's obligation to provide meal and rest breaks." *Kirby*, 53 Cal. 4th at 1256. Thus, subsection (c) creates a remedy for a violation of

---

[5] The full text of the current version of § 226.7(c) reads:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

1   subsection (b), which only concerns the provision of rest breaks, not their compensation.  *Id.*

2   ("The 'additional hour of pay' provided for in [subsection (c)] is the legal remedy for a violation

3   of [subsection (b)], but whether or not it has been paid is irrelevant...").

4        Finally, it is important to note that the wording of § 226.7 changed first in 2014 and then

5   again in 2015.  However, up until Gerawan changed its rest break policy in 2013, the text of

6   § 226.7 matched the wording analyzed by the Court in *Kirby*, which lacked the reference to "in

7   accordance with a state law" that seems to have been the source of confusion in the Court's order.[6]

8           ***3.***     ***Section 226.7's Legislative History Limits The Penalty To Missed Breaks***

9        The Order's interpretation of § 226.7 is also inconsistent with the statute's intent and

10  legislative history, both of which confirm that § 226.7(c) was intended to apply only to missed rest

11  breaks.  *See People v. Tindall*, 24 Cal. 4th 767, 772 (2000) (statutory construction requires a court

12  to "ascertain the intent of the Legislature so as to effectuate the purpose of the law").

13       The penalty provision of § 226.7 was first enacted in 2000 by Assembly Bill 2509.  AB

14  2509 originally proposed the following language:

15       (a) No employer shall require any employee to work during any meal or rest period
16          mandated by an applicable order of the Industrial Welfare Commission.

17       (b) An employer that violates this section shall be subject to both of the following:

18          (1) A civil penalty of fifty dollars ($50) per employee per violation.

19          (2) Payment to the aggrieved employee of an amount equal to twice his or
20          her average hourly rate of compensation for the full length of the meal or
            rest periods during which the employee was required to perform any work.

21

22

23

---

24  [6] Prior to 2014, the relevant subsection of § 226.7 read:

25       If an employer fails to provide an employee a meal period or rest period in accordance with
26       an applicable order of the Industrial Welfare Commission, the employer shall pay the
         employee one additional hour of pay at the employee's regular rate of compensation for
27       each work day that the meal or rest period is not provided.

28  RJN, Ex. B; *see Valenzuela v. Giumarra Vineyards Corp.*, 614 F. Supp. 2d 1089, 1101 (E.D. Cal.
    2009) (quoting original text of § 226.7).

- 8 -

1   RJN, Ex. C, at 20-21.  The text above makes clear that the proposed penalty was limited to an

2   employer who "*require[d] any employee to work* during any meal or rest period …."  (emphasis

3   added).  There was no other basis for the penalty.

4        The Senate amended Assembly Bill 2509 before it was enacted.  Yet none of those

5   amendments changed the intent of the law.  For example, one amendment introduced the

6   requirement that employers "provide an employee a meal period or rest period *in accordance with*

7   an applicable order of the Industrial Welfare Commission."  RJN, Ex. D (emphasis added).  The

8   addition of the "in accordance with" language did not change the stated purpose of the bill, which

9   remained the same—"requir[ing] any employer that requires any employee to work during a meal

10  or rest period mandated by an order of the commission to pay the employee one hour's pay for

11  each workday that the meal or rest period is not provided."  RJN, Ex. E, at 2.  The inclusion of "in

12  accordance with" did not change the stated intent of the bill, but merely acknowledged that the

13  requirement to provide rest breaks flowed from prior Industrial Welfare Commission orders.

14       Nor do the 2014 and 2015 amendments to § 226.7 change the scope of the law.  When the

15  statute was amended to add a reference to "a state law," the intent was simply to expand the laws

16  that could impose the requirement that an employee be given a rest break.  *See* RJN, Ex F, at 5

17  ("Additionally, the bill would prohibit an employer from requiring an employee to work during

18  any meal, rest or recovery period mandated by applicable statute or regulation, standard, or order

19  of the IWC, the Occupational Safety and Health Standards Board, or the Division of Occupational

20  Safety and Health.  Current law requires this of IWC wage orders; this bill would simply add to

21  the prohibition any mandate by the OSHA Standards Board or Cal/OSHA.").

22       Finally, section 226.7 was amended again in 2014 to include the current version of

23  § 226.7(d), which provides that a rest or recovery period "shall be counted as hours worked, for

24  which there shall be no deduction from wages."  *See* Cal. Lab. Code § 226.7.  Again, there is no

25  indication that this addition was intended to add penalties for the nonpayment of wages.  Indeed,

26  § 226.7(d) concludes by noting that it merely "is declaratory of existing law."  *See Brailsford v.*

27  *Blue*, 57 Cal. 2d 335, 339 (1962) ("Parts of an amended statute not affected by the amendment

28  will be given the same construction that they received before the amendment."); *In re Ehring*, 91

- 9 -

1   B.R. 897, 900 (B.A.P. 9th Cir. 1988), *aff'd*, 900 F.2d 184 (9th Cir. 1990) ("No changes of law or

2   policy are to be interpreted from changes of language in the revision of a statute unless the intent

3   to make a change is clearly expressed.").

4   **B.     The Order Failed To Address How Plaintiffs' Other Rest Break Claims Are**

5   **Subject To Class-Wide Treatment**

6          Even if the Piece-Rate Class could be certified based on § 226.7(c), regardless of whether

7   employees took their rest breaks—and it does not—Plaintiffs' claim is not limited to that remedy.

8   The Court erred by failing to consider whether these other claims raise individual inquiries that

9   overwhelm the requirement of predominance.  At a minimum, the Piece-Rate Class should be

10  limited solely to a claim stated under the Court's interpretation of § 226.7.

11         It is not sufficient that only one of Plaintiffs' claims satisfy Rule 23.  Rather, each of the

12  certified claims must meet its requirements.  *See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061,

13  1067–68 (9th Cir. 2014) ("Although the district court's order that we are reviewing here did not do

14  so, we must analyze each of the plaintiff's claims separately.") (citing *Erica P. John Fund, Inc., v.*

15  *Halliburton Co.*, 563 U.S. 804, 809 (2011)).  "[A] court should certify a class on a claim-by-claim

16  basis, treating each claim individually and certifying the class with respect to only those claims for

17  which certification is appropriate."  *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 976 (5th Cir.

18  2000).  Claim-by-claim certification "is necessary to preserve the efficiencies of the class action

19  device without sacrificing the procedural protections it affords to unnamed class members."  *Id.*;

20  *see also Smith v. Family Video Movie Club, Inc.*, No. 11–CV–1773, 2013 WL 1628176, at *11

21  (N.D. Ill. Apr. 15, 2013) ("[E]ven though [plaintiffs] have identified one claim that satisfies Rule

22  23(a)(2)'s commonality requirement, this issue in and of itself does not *predominate* the otherwise

23  individual claims alleging other [wage law] violations.  In fact, the [individualized] nature of the

24  remainder of Plaintiffs' claims destroys Rule 23(b)(3) predominance.") (emphasis in original).

25         Thus, even if the Court properly concluded that a claim under section 226.7 can be

26  certified, the other claims raised by the Piece-Rate Class fail Rule 23(b)'s requirement of

27  predominance.  For example, the Piece-Rate Class seeks payment for the rest breaks the class

28  members actually took.  Complaint ¶¶ 51, 61.  That liability determination cannot be made on the

1  basis of evidence applicable to the entire class.  Instead, it turns on an individual inquiry of the

2  conduct of each class member.  If the employee skipped a break, there was no violation of his or

3  her rights and no basis for restitution.  Allowing these separate claims to proceed would violate the

4  requirement of predominance.  *See* Dkt. 51 (Opp. Br.) at 11:14–23.  For this reason, the Court

5  must either deny certification of the Piece-Rate Class or, at a minimum, redefine the Piece-Rate

6  Class to limit it to the section 226.7 claim.  *See supra* at fn. 3.

7  **IV.    THE MINIMUM WAGE CLASS SHOULD NOT BE CERTIFIED**

8        Both the Piece-Rate Class and the Minimum Wage Class are directed to the same basic

9  question:  Did class members receive the minimum wage for all hours worked on any given day?

10 The Piece-Rate Class asks whether class members are entitled to additional wages for their rest

11 breaks, calculated at the hourly minimum wage.  Meanwhile, the Minimum Wage Class addresses

12 whether class members received the minimum wage for all hours worked, including rest periods.

13 *See* § 226.7(d) ("A rest or recovery period . . . shall be counted as hours worked."); *Bluford*, 216

14 Cal. App. 4th at 872 ("Under the California minimum wage law, employees must be compensated

15 *for each hour worked* ….") (emphasis added).

16       Here, it is impossible to answer the latter question without addressing the former.  Both

17 concern the same hours worked.  For example, an employee who did not receive adequate

18 compensation when the minimum wage is calculated on a daily basis may nevertheless end up

19 receiving more than the minimum once he or she receives additional compensation for rest breaks.

20       The Court's Order did not have to confront this problem because it certified both the Piece-

21 Rate Class and the Minimum Wage Class.  If, however, the Court reconsiders and decertifies the

22 Piece-Rate Class, it must also reconsider the Minimum Wage Class.  If the Minimum Wage Class

23 goes forward without the Piece-Rate Class, and it reaches a final judgment, members of the

24 Minimum Wage Class will not be able to litigate their individual rest break claims because both

25 claims arise from the same set of operative facts.  Moreover, it is not possible to accurately

26 determine, on either a class-wide or individual basis, whether a worker has a valid claim for a

27 minimum wage violation without first determining whether he or she is owed additional wages for

28 rest breaks actually taken.  In short, the two claims are inextricably tied.

- 11 -

In its Order, the Court cited *Brewer v. Premier Golf Properties, LP*, 168 Cal. App. 4th 1243, 1250–51 (2008), for the proposition that a plaintiff may recover on both rest break and minimum wage claims in the same action.  However, that is not in dispute.  In fact, *Brewer* confirms the point made above:  It is possible to state both claims in the same case, but they have to be decided together.  *Brewer* does not stand for the proposition that a plaintiff can separate rest break and minimum wage claims when the former affects the correct adjudication of the latter.

## V.    THE FORMER EMPLOYEE CLASS SHOULD NOT BE CERTIFIED OR, AT A MINIMUM, IT SHOULD BE REVISED

The parties agree that the claims alleged by the Former Employee Class are derivative of Plaintiffs' other claims.  *See* Order at 28:3–4.  If neither the Piece-Rate Class nor the Minimum Wage Class can proceed, then neither can the Former Employee Class.

Regardless, the Former Employee Class must be revised.  As presently defined, the class begins in 2010, covering the four-year period before the filing of the Complaint.  The fourth year is based on Plaintiffs' UCL claim, which permits restitution for four years.  The California Supreme Court, however, has held that waiting time penalties under Labor Code section 203 have a three-year statute of limitations and that plaintiffs cannot recover a fourth year of those amounts as "restitution" under the UCL.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010).  Thus, the Former Employee Class must be revised to begin on February 3, 2011.

## VI.    CONCLUSION

For the foregoing reasons, the Court should vacate the Order, decertify the Piece-Rate Class, Minimum Wage Class, and Former Employee Class, and deny Plaintiffs' motion for class certification.  Alternatively, the Piece-Rate Class must be limited to the § 226.7 claim and the Former Employee Class must be revised to commence in February 3, 2011.

1  Dated:  June 3, 2016

2                                                    Respectfully submitted,

3                                                    GERAWAN FARMING, INC.
                                                     MICHAEL P. MALLERY
4
5                                                    IRELL & MANELLA LLP
                                                     DAVID A. SCHWARZ
6                                                    VICTOR JIH

7                                                    BARSAMIAN & MOODY
                                                     RONALD H. BARSAMIAN
8                                                    PATRICK S. MOODY
                                                     MANUEL E. IGNACIO
9                                                    CHARLES P. HAMAMJIAN

10

11                                                   By:_____
                                                          Victor Jih
12                                                   Attorneys for Gerawan Farming, Inc., and
                                                     Gerawan Farming Partners, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING
                                                     PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM IN SUPPORT