UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARO, et. al., | No. 1:14-cv-00147-DAD-SAB |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |
| v. | |
| GERAWAN, et. al., | |
| Defendants. | |

**I.   Introduction**

On June 3, 2016, Gerawan Farming, Inc. and Gerawan Farming Partners, Inc. ("defendants") filed a motion to reconsider the court's order granting the motion for class certification filed by Rafael Marquez Amaro and Jesus Alarcon Urzua ("plaintiffs"). (Doc. No. 58.) The motion for reconsideration included a request for judicial notice. (Doc. No. 59.) Plaintiffs filed their opposition on June 21, 2016. (Doc. No. 60.) On June 28, 2016, defendants filed a reply. (Doc. No. 61.). The court heard oral argument on July 5, 2016. (Doc. No. 65.) Attorney Eric Kingsley appeared on behalf of plaintiffs, and Attorneys Victor Jih and Patrick Moody appeared on behalf of defendants.

**II.   Background**

On December 14, 2015, plaintiffs filed their motion for class certification. (Doc. No. 33.) Plaintiffs—who allege defendants violated various California labor laws—requested certification

1

of three subclasses: (1) a piece-rate subclass, consisting of individuals employed by defendants as piece-rate crew laborers from February 3, 2010 to the present; (2) a minimum wage subclass, consisting of individuals employed by defendants as crew laborers who were paid less than the minimum wage for any shift between February 3, 2010 and the present; and (3) a former employee subclass, consisting of individuals employed by and subsequently laid off at the end of a season by defendants between February 3, 2010 and the present.

Defendants filed an opposition to the motion for class certification on February 5, 2016. (Doc. No. 51.) While challenging all of the proposed subclasses, the bulk of defendants' argument focused on plaintiffs' inability to satisfy the predominance standard of Federal Rule of Civil Procedure 23(b)(3) for the piece-rate subclass. (*Id*. at 6–12.) First, defendants noted employees are free to voluntarily skip rest breaks under California law. (*Id*. at 7) (citing *Pena v. Taylor Farms Pac.*, 305 F.R.D. 197, 211 (E.D. Cal. 2015)). Second, defendants argued California law does not obligate an employer to record if employees take rest breaks. (*Id*. at 9) (citing *In re Tacobell Wage & Hour Action*, No. 1:07cv1314 LJO DLB, 2012 WL 5932833, at *11 (E.D. Cal. Nov. 27, 2012)). Third, defendants argued that an employee who voluntarily skips a rest break does not suffer any harm and, furthermore, such an employee—especially when working on a piece-rate basis—continues to earn wages during the voluntarily skipped break. As a result, according to defendants, individual issues would predominate here because the court would not be able to determine which class members were harmed absent questioning each class member about whether they voluntarily forwent rest breaks. (*Id*. 9–12.) Defendants contended that the issue of damages would be even more complicated. Defendants asserted that without records, statistical modeling would not be available, and class members would need to individually recall and testify as to when they elected to skip rest breaks. Finally, defendants argued the other proposed subclasses were derivative of the piece-rate subclass and thus could not be certified. (*Id*. at 15–23.)

The court found defendants' arguments unpersuasive. In the order filed May 20, 2016, the court explained why defendants' lack of rest break records and employees' ability to voluntarily skip a rest break were irrelevant to the Rule 23(b)(3) issue before the court. (Doc. No. 57 at 15–

18.) First, the court explained California Labor Code § 226.7 and Industrial Welfare Commission Wage ("IWC") Order No. 14-2001 ("Wage Order No. 14")[1] require employers to provide rest breaks that comply with California law. (*Id.* at 6–7, 17–18.) California law requires a rest break be counted as hours worked and not result in a deduction of wages earned. (*Id.* at 6, 18.) Second, the court noted that both plaintiffs and defendants agreed defendants universally allowed their piece-rate employees to take mandated breaks. (*Id.* at 16) Third, the court observed that while defendants' allowed for breaks, defendants' rest break policy still likely violated California law because plaintiffs and class members were paid on a piece-rate basis and were not separately compensated for rest break time prior to October 2013. (*Id.* at 18.) Fourth, the court explained under § 226.7 "an employer [that] fails to provide an employee a . . . rest . . . period in accordance with state law . . . [must] pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . rest . . . period is not provided." (*Id.* at 17.) Thus, as was explained in the court's order, the calculation of damages did not depend on determining if and when a class member voluntarily skipped a break. Instead, it depended on determining if and when defendants provided rest breaks in accordance with state law. The court concluded this was a manageable issue that would not involve multitudinous mini-trials, and thus was appropriate for certification under Rule 23(b)(3).

Defendants now challenge the court's ruling, arguing its interpretation of Labor Code § 226.7 is "unprecedented and erroneous." (Doc. No. 58 at 7.) Primarily, defendants contend § 226.7 applies only if an employer fails to provide a rest break. (*Id.* at 11 ("Because there is no allegation that the Piece-Rate Class was required to work during breaks, Plaintiffs cannot state a claim under section 226.7.")). Defendants also argue that if the court upholds its interpretation of § 226.7 it must redefine the piece-rate subclass so as to limit it to "the section 226.7 claim." (*Id.* at 16.) Lastly, defendants argue if the court grants its motion to reconsider with regard to the

---

[1] In its order, the court erroneously referred to Industrial Welfare Commission Wage Order No. 5-2001 ("Wage Order No. 5"). (*Id.* at 6.) "The IWC issues wage orders on an industry-by-industry basis." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1018 n.1 (2012). Wage Order No. 5 applies to the public housekeeping industry, whereas Wage Order No. 14 applies to agricultural occupations. However, because the language concerning rest breaks in each Wage Order is identical, this error did not result in a misapplication of the law.

§ 226.7 issue it must also reconsider the minimum wage subclass and the former employee subclass because the claims presented by these subclasses are either intertwined with or derivative of the claims presented by the piece rate subclass. (*Id*. at 16–17.) For the reasons discussed below, the court finds defendants' arguments unpersuasive and will deny their motion for reconsideration.

### III.    Legal Standard

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) (citations and internal quotation marks omitted). A motion for reconsideration, however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain.").

### IV.    Analysis

The applicable version of § 226.7 states:

> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Labor Code § 226.7(b) (2013).[2]

---

[2] Defendants point out the current version of California Labor Code § 226.7, cited by the court in its prior order, did not go into effect until January 1, 2014. The only difference between the 2014 version of the § 226.7 and the earlier version is the exchange of the phrase "in accordance with an applicable order of the Industrial Welfare Commission" with "in accordance with a state law."

4

Defendants interpret the statute as requiring an employer to pay an additional hour of compensation only when it forces an employee to work through a meal or rest period. Defendants reach this interpretation by bifurcating § 226.7 into two clauses. The first clause—which the court labels the requirement clause—states the obligation the statute imposes on employers, i.e., that they must provide employees with rest periods "in accordance with an applicable order of the [IWC] . . . ." *Id*. According to defendants, the statute includes the phrase "in accordance with" as a means of inserting the relevant—but missing—details regarding what constitutes a rest period. The statute itself does not state when, or for how long, rest breaks are to be taken; instead, an employer is to look to the applicable IWC order controlling its industry to find the relevant details, such as length and frequency. The second clause—which the defendants label the penalty clause, but the court instead refers to as the payment clause—dictates when an employer can be required to pay additional compensation for not providing a rest break.[3] According to defendants, this payment clause is triggered "only when the meal or rest . . . period *is not provided*." (Doc. No. 58 at 12) (citation and internal quotation marks omitted). Defendants emphasize "[t]here is no reference [in the payment clause] to 'in accordance with a[n applicable order of the IWC]' or any failure to comply with rest-break law generally." (*Id*.) Thus, according to defendants, as long as there are cessations of work for the required length and at the required frequencies, an employer does not violate § 226.7, and any other language contained in an IWC order concerning rest breaks—especially language concerning compensation—is irrelevant to determining whether a § 226.7 violation has been triggered. The court disagrees with this reading of the statute.

Defendants' interpretation makes little grammatical sense, and would render a good portion of the statute arbitrary and meaningless. *See Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th

---

This deviation in language does not alter the court's analysis which was originally based on Wage Order No. 14, an applicable order of the IWC.

[3] Defendants label the part of the statute reading "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided" as the penalty clause. However, the statute does not impose a penalty against employers. *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1114 (2007) (holding a state appellate court erred in construing § 226.7 as a penalty). Rather, "section 226.7 payments are a form of wages." *Id*.

1244, 1250 (2012) (noting when the language of a statute is not ambiguous, "the plain meaning of the statute governs."). Defendants' preferred interpretation would make for an unnatural reading of the statute by dampening, if not outright nullifying, the statute's requirement clause. The requirement clause is the introductory clause of the statute, and introductory clauses serve an important purpose: they qualify or clarify the main clause of a complex sentence. Here, the requirement clause specifies the type of rest break an employer must provide to avoid triggering the payment clause: one "in accordance with an applicable order of the [IWC]." Cal. Labor Code § 226.7(b) (2013). Furthermore, there is no indication, based on a plain and natural reading of the language, that the phrase "in accordance with" is limited to establishing the duration and frequency of rest breaks. To be in accordance with a statute means to comply with all of its provisions. For these reasons, the court disagrees with defendants' assertion that only a failure to provide a complete cessation of work triggers § 226.7. Rather, § 226.7 can also be triggered when an employer fails to provide a legally compliant rest period, i.e., a rest period that does not result in a deduction of wages.

The court's interpretation of § 226.7 is reinforced by the prerogative in California that "statutes governing conditions of employment . . . be construed broadly in favor of protecting employees." *Kirby*, 53 Cal. 4th at 1250. According to the IWC, a rest break is not merely a cessation of work; it is a cessation of work during which an employee continues to be paid. *See* Wage Order No. 14 ("Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."). Moreover, as the California Court of Appeal for the Third Appellate District made clear in *Bluford v. Safeway Stores, Inc.*, failing to separately compensate piece-rate workers for rest break time constitutes a deduction of wages. 216 Cal. App. 4th 864, 872 (2013). Notably, defendants' interpretation of the statute would permit employers to avoid paying a § 226.7 remedy even when a break resulted in a deduction of wages, contradicting the plain language of Wage Order No. 14 and thereby completely nullifying the rest break requirements put forth by the IWC. Such a reading diminishes employee protections under California law.

/////

Nor is the court persuaded by defendants' arguments concerning the statute's legislative history.[4] "Ordinarily, if the language of the statute is clear and unambiguous, there is no need to resort to the indicia of the intent of the legislature." *Astaire v. Best Film & Video Corp.*, 116 F.3d 1297, 1301 (9th Cir. 1997) (citing *Lungren v. Deukmejian*, 45 Cal. 3d 727, 735 (1988)). "However, this 'plain meaning' rule 'does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose.'" *Id.* (quoting *Lungren*, 45 Cal. 3d at 735). Defendants highlight the following language from § 12 of Assembly Bill 2509, the progenitor of § 226.7:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) An employer that violates this section shall be subject to both of the following:
>
>> (1) A civil penalty of fifty dollars ($50) per employee per violation.
>>
>> (2) Payment to the aggrieved employee of an amount equal to twice his or her average hourly rate of compensation for the full length of the meal or rest periods during which the employee was required to perform any work.

A.B. 2509, 1999-2000 Reg. Sess. (Cal. 2000)(hereinafter "A.B. 2509"). According to defendants, "[t]he text above makes clear that the proposed penalty was limited to an employer who '*require[d] any employee to work* during any meal or rest period . . . ." (Doc. No. 58 at 14.) Notwithstanding defendants' interpretation of A.B. 2509, the language employed by the legislature in § 226.7 is markedly different, and these changes cannot be ignored. *See Astaire*, 116 F.3d at 1303 ("[A court] may also consider the evolution of a proposed statute after its

---

[4] Defendants request the court take judicial notice of various government records concerning the legislative history of § 226.7. (Doc. No. 59.) "The Ninth Circuit has approved of taking judicial notice of legislative history." *Silvester v. Harris*, 41 F. Supp. 3d 927, 936 (E.D. Cal. 2014) (citing *Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013)). Furthermore, courts may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because all of the documents contained in defendants' request are matters of public record, the court takes judicial notice of them.

1   original introduction in the California State Senate or Assembly, as such evolution may 'offer
2   considerable enlightenment as to legislative intent.'"). As defendants point out, in A.B. 2509, the
3   penalty and payment provisions could be triggered only when an employer "violates this section,"
4   and the only rule mandated by the section is that employers not "require any employee to work
5   during any meal or rest period . . . ." A.B. 2509. This limited trigger was replaced by a much
6   more expansive one in the enactment of § 226.7(b): employers become liable for additional
7   payments if they fail "to provide an employee a meal or rest period in accordance with an
8   applicable order of the Industrial Welfare Commission . . . ." Cal. Labor Code § 226.7(b) (2013).
9   If the legislature intended the penalty and payment provisions to apply only in instances when an
10  employer required an employee to work through a meal or rest period, it would have kept the
11  narrow language of A.B. 2509. Indeed, as evidenced by A.B. 2509 the legislature clearly knew
12  how to use that language if it intended that result. The court finds the legislative history of §
13  226.7, especially the evolution of its language between its introduction and its final form, fully
14  supportive of the court's interpretation of the statute as set forth in its previous order.
15         Furthermore, the court finds defendants' emphasis on the decision in *Kirby v. Immoos*
16  *Fire Protection* to be misplaced. Throughout their briefing, defendants cited *Kirby* as support for
17  their proposition that § 226.7 cannot be triggered for failing to adequately compensate employees
18  for rest breaks. In *Kirby*, the California Supreme Court examined whether an employer could
19  recover attorney's fees for an employee's failed § 226.7 claim. 53 Cal. 4th at 1248. California
20  has a two-way fee-shifting statute for the prevailing party in "'actions brought for the
21  nonpayment of wages.'" *Id*. at 1251 (citing Cal. Lab. Code § 218.5). The question presented in
22  *Kirby* was whether a § 226.7 claim fell within the ambit of § 218.5, thus allowing an employer
23  who successfully defeats such a claim to recoup its fees. The California Supreme Court decided
24  it did not. *Id*. at 1259. In reaching this conclusion, the court noted "a section 226.7 action is
25  brought for the *nonprovision of meal and rest periods*, not for the 'nonpayment of wages.'" *Id*. at
26  1255. The court then distinguished its holding in *Kirby* from its earlier ruling in *Murphy*. In
27  *Murphy*, the California Supreme Court held the statute of limitations for a § 226.7 claim was
28  three years instead of one year because the remedy constituted a "wage" and not a "penalty." 40

Cal. 4th at 1114. The decision in *Kirby* did not conflict with *Murphy* because "[t]o say that a section 226.7 remedy is a wage, however, is not to say that the *legal violation* triggering the remedy is nonpayment of wages." *Kirby*, 53 Cal. 4th at 1257. Thus, the legal violation—i.e., the nonprovision of meal and rest breaks—and the remedy—i.e., an additional hour of pay—were to be regarded separately for the purpose of determining the availability of attorney's fees in a § 226.7 action. *Id*. at 1256–57. What *Kirby* does not address, and what is central to this action, is whether an employer can be regarded as having provided rest breaks even when those supposed rest breaks were legally deficient because they resulted in a deduction of wages. That issue was simply not before the court in *Kirby*. Not surprisingly then, *Kirby* does not answer this question, nor does its holding conflict with the court's previous order. Plaintiffs clearly articulated in their complaint they are seeking compensation for not "being *provided* with paid rest breaks while working on a piece rate basis during the relevant period" (Doc. No. 2 at ¶ 52), and this court has held that the legal violation triggering the § 226.7 remedy was the nonprovision of legally compliant rest breaks.

Defendants have failed to show the court's order granting class certification constitutes clear error. However, the court will clarify that the piece-rate subclass cannot seek wages owed as damages, and are instead limited to seeking a § 226.7 remedy. (*See* Doc. No. 33 at 17–18.)

### V. Conclusion

For all of the reasons set forth above:

(1) Defendants' motion for reconsideration (Doc. No. 58) is denied; and

(2) The parties are ordered to meet and confer regarding the form and manner of notice and to submit their proposal to the court within 21 days of the date of this order.

IT IS SO ORDERED.

Dated: **August 22, 2016**  _____
UNITED STATES DISTRICT JUDGE