UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARQUEZ AMARO and JESUS ALARCON URZUA,<br><br>Plaintiffs,<br><br>v.<br><br>GERAWAN FARMING, INC. and GERAWAN FARMING PARTNERS, INC.,<br><br>Defendants. | No.  1:14-cv-00147-DAD-SAB<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY<br><br>(Doc. No. 73) |

On September 20, 2016, defendants Gerawan Farming, Inc. and Gerawan Farming Partners, Inc. filed a motion to stay this action pending resolution of their Rule 23(f) petition to the Ninth Circuit.  (Doc. No. 73.)  Plaintiffs Rafael Marquez Amaro and Jesus Alarcon Urzua filed their opposition on October 4, 2016.  (Doc. No. 74.)  On October 11, 2016, defendants filed a reply.  (Doc. No. 75.)  The court heard oral argument on October 18, 2016.  Attorneys Mario Martinez and Eric Kingsley appeared on behalf of plaintiffs, and Attorneys Victor Jih and Patrick Moody appeared on behalf of defendants.  For the reasons set forth below, the court will deny defendants' motion.

/////

/////

1

**BACKGROUND**

On May 20, 2016, this court certified four subclasses in this action:

> a. Piece-Rate Subclass I: All individuals who have been employed, or are currently employed, by defendants as a non-exempt "field worker" or similar titles, who were paid a piece-rate from February 3, 2010 up to October 2013.
>
> b. Piece-Rate Subclass II: All individuals who have been employed, or are currently employed, by defendants as a non-exempt "field worker" or similar titles, who were paid a piece-rate from October 2013 up to the present.
>
> c. Minimum Wage Subclass: All individuals who have been employed, or are currently employed, by defendants as a non-exempt "field worker" or similar titles, who were paid a piece-rate from February 3, 2010 to the present, whose compensation for any shift totaled less than the minimum wage.
>
> d. Former Employee Subclass: All individuals who have been employed, or are currently employed, by Defendant Gerawan as a non-exempt "field worker" or similar titles, who were paid a piece-rate from February 3, 2010 to the present, who were laid off at the end of a season.

(Doc. No. 57 at 29–30.) Defendants subsequently moved for reconsideration of the court's order, arguing primarily that its interpretation of California Labor Code § 226.7 was "unprecedented and erroneous." (Doc. No. 58 at 7.) On August 23, 2016, the court denied defendants' motion. (Doc. No. 67.) There, the court reaffirmed its holding that a violation of § 226.7 is triggered by any failure to provide legally compliant rest breaks, rather than only a failure to provide a complete cessation of work. (*See id.* at 6, 9.) On September 6, 2016, defendants petitioned the Ninth Circuit, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure, for permission to appeal the court's order granting class certification. (Doc. No. 70.) Defendants then filed the instant motion to stay proceedings in this action until the Ninth Circuit issues a ruling on defendants' petition or until the conclusion of that appeal. (Doc. No. 73.)

**LEGAL STANDARD**

District courts and courts of appeal have the authority to stay proceedings pending the outcome of an interlocutory appeal of an order granting or denying class certification. Fed. R. Civ. P. 23(f). Ordinarily, a party must first seek a stay from the district court. Fed. R. App. P. 8(a)(1)(A). "A stay is not a matter of right . . . . It is instead an exercise of judicial discretion,

2

1  and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken*

2  *v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658,

3  672 (1926)) (internal quotations omitted).  The party seeking a stay bears the burden of

4  demonstrating facts or circumstances justifying such relief.  *Id.* at 433–34.

5         Traditionally, district courts are to consider four factors in determining whether to issue a

6  stay: (1) whether the party seeking a stay has made a strong showing that he is likely to succeed

7  on the merits; (2) whether the party seeking a stay will be irreparably injured absent a stay; (3)

8  whether issuance of the stay will substantially injure the other parties interested in the proceeding;

9  and (4) where the public interest lies.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also*

10  *Nken*, 556 U.S. at 434; *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).  Noting "some

11  functional overlap" between a stay pending appeal and a preliminary injunction, the Ninth Circuit

12  has adopted a balancing approach similar to the "sliding scale" approach applied to requests for

13  preliminary injunctions.  *Leiva-Perez*, 640 F.3d at 966.  Under this approach, the factors

14  described above are balanced, "so that a stronger showing of one [factor] may offset a weaker

15  showing of another."  *Id.* at 964 (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

16  1131 (9th Cir. 2011)).

17         While neither the Supreme Court nor the Ninth Circuit has expressly adopted the

18  traditional test for stays sought under Rule 23(f), district courts in this circuit appear to have

19  consistently applied the standard set forth in *Hilton*, *Nken*, and *Leiva-Perez*.  *See, e.g.*, *Willcox v.*

20  *Lloyds TSB Bank, PLC*, No. CV 13-00508 ACK-RLP, 2016 WL 917893, at *4 (D. Haw. Mar. 7,

21  2016); *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 WL 5103157, at *2

22  (E.D. Cal. Aug. 31, 2015); *Altamura v. L'Oreal, USA, Inc.*, No. CV 11-1067 CAS JCX, 2013 WL

23  4537175, at *1 (C.D. Cal. Aug. 26, 2013); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-cv-03339-

24  EJD, 2012 WL 5818300, at *1 (N.D. Cal. Nov. 15, 2012).

25                                  **DISCUSSION**

26  **A.      Likelihood of Success on the Merits**

27         "[T]o justify a stay, a petitioner must show, at a minimum, that she has a substantial case

28  for relief on the merits."  *Leiva-Perez*, 640 F.3d at 968.  The party seeking a stay need not show

1  that ultimate success is probable; rather it may show that likely success is a "reasonable

2  probability" or a "fair prospect," that it presents "a substantial case on the merits," or that "serious

3  legal questions are raised." *Id.* at 967.

4        Here, because defendants' petition to the Ninth Circuit is still pending, the circuit court

5  has yet to weigh in on the substantiality of defendants' case on the merits.  Nevertheless,

6  defendants argue that their proposed appeal involves an issue of first impression for the Ninth

7  Circuit—i.e., whether Labor Code § 226.7 "applies to an alleged failure to provide separate

8  hourly compensation for a rest break taken by a piece-rate employee." (Doc. No. 73 at 2.)  While

9  this court disagrees with defendants' interpretation of § 226.7, it has identified no binding

10  California or Ninth Circuit case law explicitly addressing this statutory provision.  (*See* Doc. No.

11  67 at 5–9.)  Because a serious legal question has therefore been raised, defendants have met their

12  minimum burden here with respect to this factor.  *See Leiva-Perez*, 640 F.3d at 967.

13  **B.**     **Balance of Hardships**

14        The second and third factors in the traditional stay analysis require the court to balance the

15  likelihood of irreparable injury to the moving party if the court denies a stay, with the injury to

16  other parties if the court grants a stay.  *Brown*, 2012 WL 5818300, at \*4.  "[W]here the movant

17  relies on a 'serious legal question' to satisfy the first prong of the stay analysis, the movant must

18  show that the balance of harm tips sharply in its favor." *Id.* (citing *Alliance for the Wild Rockies*,

19  632 F.3d at 1132).  A party seeking a stay "must demonstrate that irreparable harm is probable if

20  the stay is not granted"—not simply that such injury is possible.  *Leiva-Perez*, 640 F.3d at 968.

21  This standard for irreparable harm is higher than it is for the likelihood of success prong.  *Id.*

22  (citing *Alliance for the Wild Rockies*, 632 F.3d at 1131–32).

23        Defendants primarily contend that dissemination of a class notice in this case would be

24  premature and may lead to confusion among class members should the parties be required to issue

25  a second curative notice in the event the Ninth Circuit reverses this court's order.  Some district

26  courts have found that the potential for confusion among class members may weigh in favor of a

27  stay if a reversal changes the class definition or decertifies the class altogether. *See, e.g.*, *Pena*,

28  2015 WL 5103157, at \*6 (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D.

4

88, 94 (D.D.C. 2012)); *Altamura*, 2013 WL 4537175, at *3; *Brown*, 2012 WL 5818300, at *4–5.

Here, the four certified subclasses are defined based on three alleged violations of state law: (1) failure to provide meal or rest periods in accordance with state regulations, in violation of Labor Code § 226.7; (2) failure to compensate employees at the minimum wage for each out worked; and (3) failure to pay wages due to discharged employees at the time of discharge, in violation of Labor Code §§ 201 and 203.  (*See* Doc. No. 57 at 6–7, 19–20, 26.)  Even if the Ninth Circuit were to consider defendants' appeal and reverse this court's interpretation of Labor Code § 226.7, it is unclear to what extent the class definitions themselves will be affected or how many class members who may no longer have valid claims under § 226.7 would be excluded from this litigation entirely.  More importantly, defendants have failed to demonstrate how *they* would be irreparably harmed by such confusion.  *Cf. Willcox*, 2016 WL 917893, at *6 (finding a premature issuance of class notice to bank customers may cause damage to the bank's goodwill); *Altamura*, 2013 WL 4537175, at *2–3 (finding defendant's concerns justified where notice to a class of its consumers might "unnecessarily damage its reputation").

Defendants also argue that should the Ninth Circuit reverse part or all of this court's order on class certification, defendants will have unnecessarily incurred significant discovery and other litigation expenses.  Certainly, some district courts have found irreparable harm probable where an appeal may result in decertification of the class, thereby resulting in a substantial waste of time and resources.  *See, e.g.*, *Pena*, 2015 WL 5103157, at *4–5; *Brown*, 2012 WL 5818300, at *4; *Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, at *3 (N.D. Cal. Jan. 11, 2012); *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011).  Other courts have concluded that litigation costs do not amount to irreparable harm when, for example, they are unavoidable regardless of the pending appeal.  *See, e.g.*, *Guifu Li v. A Perfect Franchise, Inc.*, No. 10–01189, 2011 WL 2293221, at *4–5 (N.D. Cal. June 8, 2011).  Here, even if the Ninth Circuit were to reverse this court's interpretation of § 226.7, it is unclear how discovery on liability as to plaintiffs' remaining

/////

/////

1    claims will be rendered unnecessary.[1]  For that reason, a stay would likely not cause irreparable

2    injury to defendants.  Moreover, even if this court were to stay proceedings only as to the rest

3    break subclasses (i.e., Piece Rate Subclass I and Piece Rate Subclass II) and proceed with

4    plaintiffs' remaining claims, *see, e.g.*, *Altamura*, 2013 WL 4537175, at *2 (staying the litigation

5    as to one subclass but not another), defendants have failed to identify, and this court is unable to

6    conceive of, significant types of discovery likely to be relevant to plaintiffs' rest break claims but

7    not to their remaining claims, such that the additional burden on defendants will be unusually

8    severe.  *See, e.g.*, *Monaco v. Bear Stearns Companies, Inc.*, No. CV0905438SJOJCX, 2012 WL

9    12506860, at *4 (C.D. Cal. Dec. 5, 2012) ("[L]itigation costs in and themselves generally do not

10   constitute irreparable injury.").  Accordingly, the court cannot conclude that defendants have

11   shown they will likely be irreparably harmed absent the granting of a full or partial stay.

12          Plaintiffs, on the other hand, argue that any further delay in the proceedings would cause

13   substantial injury to them and the class members.  Plaintiffs' claims in this action cover alleged

14   violations that are now more than six years old, and the court has only recently concluded the

15   class certification phase of this litigation nearly two and a half years after the original complaint

16   was filed.  Class members include a significant number of migrant and seasonal farmworkers, and

17   delay may further inhibit plaintiffs' ability to marshal evidence and obtain the testimony of

18   witnesses.[2]  In light of such concerns, and defendants' inability to show the probability of

19   irreparable injury absent a stay, this court cannot conclude that the balance of hardships tips

20   sharply in defendants' favor.

21   **C.     Public Interest**

22          Relevant to this case, the public has an interest both in the proper enforcement of

23   California's employment laws and in the efficient use of judicial resources.  *See Brown*, 2012 WL

24   5818300, at *5.  Because it cannot be said that a stay would necessarily save judicial resources,

---

[1]  Notably, defendants have previously suggested that members of the Minimum Wage Subclass and Former Employee Subclass have claims that arise from the substantially the same set facts as those of the Piece-Rate Subclasses.  (*See* Doc. No. 58 at 11–12.)

[2]  Plaintiffs additionally note that any additional delay may hamper their ability to effectively distribute notice to class members before the end of the season.

the public interest weighs against the granting of a stay in this case.

## CONCLUSION

For the reasons set forth above:

1. Defendants' motion to stay this action pending resolution of defendants' Rule 23(f) petition to the Ninth Circuit (Doc. No. 73) is denied;

2. In accordance with the court's order approving the form and manner of class action notice (Doc. No. 72), defendants are ordered to provide the class list to Rust Consulting, Inc. within fourteen days of issuance of this order;

3. Notice to all class members shall be mailed within twenty-one days of provision of the class list; and

4. This matter is referred to the assigned magistrate judge for further scheduling of this case consistent with this order.

IT IS SO ORDERED.

Dated:   **November 14, 2016**

UNITED STATES DISTRICT JUDGE

7